# APPEAL NO.: 22-12338-CC

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

_____

UNITED STATES OF AMERICA,
PLAINTIFF-APPELLEE,

v.

JAYSON E. WRIGHT,
DEFENDANT-APPELLANT.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION
CASE NO.: 7:20-CR-00033-WLS-TQL-1

_____

Appellant's Appendix on Appeal

_____

Jonathan Dodson
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King, Jr. Boulevard, Suite 400
Macon, Georgia 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
E-mail: jonathan_dodson@fd.org
Appellate Counsel for Mr. Wright

**INDEX**

|  | **Docket/Tab Number**: |
|---|---|
| Docket | A |
| Indictment (R1) | 1 |
| Guilty Plea (R77) | 77 |
| Plea Agreement (R81) | 81 |
| Draft Presentence Investigation Report (R83) | Sealed Exh. 83 |
| Defendant's Sentencing Memorandum (R86) | Sealed Exh. 86 |
| Final Presentence Investigation Report (R87) | Sealed Exh. 87 |
| July 5, 2022 Judgment (R94) | 94 |
| July 5, 2022 Statement of Reasons (R95) | Sealed Exh. 95 |
| July 8, 2022 Amended Judgment (R98) | 98 |
| July 8, 2022 Reason for Amended Judgment (R99) | Sealed Exh. 99 |
| Transcript of the October 28, 2021 Change of Plea hearing (R110) | 110 |
| Transcript of the June 29, 2022 Sentencing hearing (R111) | Sealed Exh. 111 |

APPEAL,COMPLEX

# U.S. District Court [LIVE AREA]
## Middle District of Georgia (Valdosta)
## CRIMINAL DOCKET FOR CASE #: 7:20-cr-00033-WLS-TQL All Defendants

Case title: USA v. WRIGHT

Date Filed: 09/15/2020

Date Terminated: 07/05/2022

---

Assigned to: US DISTRICT JUDGE W
LOUIS SANDS
Referred to: US MAGISTRATE JUDGE
THOMAS Q LANGSTAFF

Appeals court case number: 22-12338-A
11th Circuit

### Defendant (1)

| | | |
|---|---|---|
| **JAYSON E WRIGHT**<br>*TERMINATED: 07/05/2022* | represented by | **FEDERAL DEFENDERS MIDDLE DISTRICT OF GEORGIA INC**<br>440 MARTIN LUTHER KING JR BLVD STE 400<br>MACON, GA 31201<br>478-743-4747<br>Fax: 478-207-3419<br>Email: GAM_MAC_ECF@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment* |
| | | **JONATHAN R DODSON**<br>FEDERAL DEFENDERS OF THE MD GA<br>440 MLK JR BLVD STE 400<br>MACON, GA 31201<br>Email: jonathan_dodson@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment* |
| | | **TIMOTHY R SAVIELLO**<br>FEDERAL DEFENDERS OF THE MD GA<br>440 MLK JR BLVD STE 400<br>MACON, GA 31201 |

478-743-4747
Email: tim_saviello@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:2251(b) and (e) and 18:2 - Production of Child Pornography (1) | 360 months imprisonment imprisonment, supervised release of LIFE, $100 MAF, $625,000 restitution |
| 18:2251(b) and (e) - Production of Child Pornography (4) | 360 months imprisonment to run consecutively to Count 1 for a total of 720 months imprisonment, supervised release of LIFE, $100 MAF for a total of $200 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:2251(b) and (e) and 18:2 - Production of Child Pornography (2-3) | |
| 18:2251(b) and (e) - Production of Child Pornography (5-6) | |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

Assigned to: US DISTRICT JUDGE W
LOUIS SANDS
Referred to: US MAGISTRATE JUDGE
THOMAS Q LANGSTAFF

**Defendant (2)**

| **KARA E WRIGHT** | represented by | **RICK DANIEL COLLUM** |
| --- | --- | --- |
| *TERMINATED: 07/05/2022* | | PO BOX 1867 |
| | | MOULTRIE, GA 31776 |
| | | 229-529-5430 |
| | | Email: collumlaw@yahoo.com |
| | | *ATTORNEY TO BE NOTICED* |

*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:2251(b) and (e) and 18:2 - Production of Child Pornography (1) | 360 months imprisonment, supervised release of Life, $100 MAF, $415,000 restitution |

### **Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:2251(b) and (e) and 18:2 - Production of Child Pornography (2) | Dismissed |
| 18:2251(b) and (e) and 18:2 - Production of Child Pornography (3) | Dismissed |

### **Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

**UNITED STATES OF AMERICA**    represented by **KATELYN SEMALES**
300 MULBERRY ST
STE 400
MACON, GA 31202
571-388-7181
Email: katelyn.semales@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

**ALEX KALIM**
DOJ-USAO
300 MULBERRY ST
STE 400
MACON, GA 31211
478-752-3511
Email: alex.kalim@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/10/2020 | | Arrest of JAYSON E WRIGHT in Southern District of Texas. (sbd) (Entered: 09/24/2020) |
| 09/10/2020 | | Arrest of KARA E WRIGHT in Southern District of Texas. (sbd) (Entered: 09/24/2020) |
| 09/15/2020 | 1 | **SEALED INDICTMENT** as to JAYSON E WRIGHT (1) count(s) 1-3, 4-6, KARA E WRIGHT (2) count(s) 1-3. (rlw) (Entered: 09/15/2020) |
| 09/15/2020 | 2 | Indictment Signature Page (Un-redacted), Indictment Cover and Information Sheet, and Record of Grand Jurors Concurring. re: 1 Indictment (Sealed) : as to JAYSON E WRIGHT, KARA E WRIGHT. (rlw) (Entered: 09/15/2020) |
| 09/16/2020 | 3 | ARREST Warrant Issued in case as to JAYSON E WRIGHT. (rlw) (Entered: 09/16/2020) |
| 09/16/2020 | 4 | ARREST Warrant Issued in case as to KARA E WRIGHT. (rlw) (Entered: 09/16/2020) |
| 09/16/2020 | 5 | MOTION to Unseal Case by UNITED STATES OF AMERICA as to JAYSON E WRIGHT, KARA E WRIGHT. (Attachments: # 1 Proposed Order) Motion(s) referred to THOMAS Q LANGSTAFF.(rlw) (Entered: 09/16/2020) |
| 09/16/2020 | 6 | **ORDER** granting 5 Motion to Unseal Case as to JAYSON E WRIGHT (1) and KARA E WRIGHT (2). Ordered by US MAGISTRATE JUDGE THOMAS Q LANGSTAFF on 9/16/2020. (TQL) (Entered: 09/16/2020) |
| 09/24/2020 | 7 | Rule 5 Documents Received as to JAYSON E WRIGHT. (Attachments: # 1 Docket Sheet, # 2 Waiver of Rule 5 and 5.1 Hearings, # 3 Commitment to Another District)(sbd) (Entered: 09/24/2020) |
| 09/24/2020 | 8 | Rule 5 Documents Received as to KARA E WRIGHT. (Attachments: # 1 Docket Sheet, # 2 Commitment to Another District)(sbd) (Entered: 09/24/2020) |
| 10/06/2020 | 9 | ARREST Warrant as to JAYSON E WRIGHT executed on 9/10/2020. (sbd) (Entered: 10/06/2020) |
| 10/06/2020 | 10 | ARREST Warrant as to KARA E WRIGHT executed on 9/10/2020. (sbd) (Entered: 10/06/2020) |
| 10/09/2020 | 11 | **STANDING ORDER EXTENDING JURY TRIAL MORATORIUM BECAUSE OF NATIONAL EMERGENCY** as to JAYSON E WRIGHT, KARA E WRIGHT. Ordered by CHIEF DISTRICT JUDGE MARC T TREADWELL on 10/8/2020. (sbd) (Entered: 10/09/2020) |
| 11/02/2020 | | Arraignment set for 11/2/2020 02:30 PM in Albany before US MAGISTRATE JUDGE THOMAS Q LANGSTAFF. Initial Appearance set for 11/2/2020 02:30 PM in Albany before US MAGISTRATE JUDGE THOMAS Q LANGSTAFF.<br><br>NOTICE OF **SETTING** HEARING as to JAYSON E WRIGHT, KARA E WRIGHT. Hearing will occur via **VIDEOCONFERENCE**. Counsel will receive dial in information in an email. Interested parties may obtain dial information by emailing albany.ecf@gamd.uscourts.gov. Attorney client conference will begin prior to the |

| | | hearing. (bcl) (Entered: 11/02/2020) |
|---|---|---|
| 11/02/2020 | 14 | MOTION for Detention by UNITED STATES OF AMERICA as to JAYSON E WRIGHT. Motion(s) referred to THOMAS Q LANGSTAFF.(SEMALES, KATELYN) (Entered: 11/02/2020) |
| 11/02/2020 | 15 | MOTION for Detention by UNITED STATES OF AMERICA as to KARA E WRIGHT. Motion(s) referred to THOMAS Q LANGSTAFF.(SEMALES, KATELYN) (Entered: 11/02/2020) |
| 11/02/2020 | 16 | NOTICE of DNA Testing as to JAYSON E WRIGHT (SEMALES, KATELYN) (Entered: 11/02/2020) |
| 11/02/2020 | 17 | NOTICE of DNA Testing as to KARA E WRIGHT (SEMALES, KATELYN) (Entered: 11/02/2020) |
| 11/02/2020 | 18 | **ORDER** OF TEMPORARY DETENTION as to JAYSON E WRIGHT. Detention Hearing set for 11/4/2020 02:30 PM in Albany before US MAGISTRATE JUDGE THOMAS Q LANGSTAFF. Ordered by US MAGISTRATE JUDGE THOMAS Q LANGSTAFF on 11/2/2020. (TQL) (Entered: 11/02/2020) |
| 11/02/2020 | 19 | **ORDER** OF TEMPORARY DETENTION as to KARA E WRIGHT. Detention Hearing set for 11/4/2020 02:30 PM in Albany before US MAGISTRATE JUDGE THOMAS Q LANGSTAFF. Ordered by US MAGISTRATE JUDGE THOMAS Q LANGSTAFF on 11/2/2020. (TQL) (Entered: 11/02/2020) |
| 11/02/2020 | 20 | CJA 23 Financial Affidavit by JAYSON E WRIGHT (bcl) (Entered: 11/02/2020) |
| 11/02/2020 | 21 | **ORDER** appointing Federal Defenders of the Middle District of Georgia, Inc., to represent JAYSON E WRIGHT. Ordered by US MAGISTRATE JUDGE THOMAS Q LANGSTAFF on 11/2/2020. (bcl) (Entered: 11/02/2020) |
| 11/02/2020 | 22 | Defendant's Consent to Appear by Video Teleconference as to JAYSON E WRIGHT.(bcl) (Entered: 11/02/2020) |
| 11/02/2020 | 23 | NOTICE OF ATTORNEY APPEARANCE by by RICK DANIEL COLLUM appearing for KARA E WRIGHT *Appointed counsel* Attorney RICK DANIEL COLLUM added to party KARA E WRIGHT(pty:dft)(COLLUM, RICK) (Entered: 11/02/2020) |
| 11/02/2020 | 24 | REQUEST for Discovery by KARA E WRIGHT (COLLUM, RICK) (Entered: 11/02/2020) |
| 11/02/2020 | 25 | TEXT ONLY Minute Entry **(content for administrative purposes only)** for proceedings held before US MAGISTRATE JUDGE THOMAS Q LANGSTAFF:Initial Appearance as to JAYSON E WRIGHT held on 11/2/2020; FTR Gold Start Time 2:30; AUSA: Katelyn Semales; Defense Counsel: Michael Simpkins; US Probation Officer: LaQuesha Balkcom; Dft advised of charges, rights, and maximum possible penalties. Standard Pre-trial Order to be e-filed;, Arraignment held on 11/2/2020 as to JAYSON E WRIGHT (1) Count 1-3,4-6 Plea accepted by Court; Bond Hearing held on 11/2/2020 as to JAYSON E WRIGHT (1) - Detention Hearing set for 11/4/2020 @ 2:30 pm. Order to follow. Court Reporter: FTR Gold.Time in Court: 14 mins. (bcl)***Hearing held via Zoom Video Teleconference*** (Entered: 11/02/2020) |
| 11/02/2020 | 26 | CJA 23 Financial Affidavit by KARA E WRIGHT (bcl) (Entered: 11/02/2020) |

| 11/02/2020 | 27 | PLEA SHEET as to JAYSON E WRIGHT: NOT GUILTY. (sbd) (Entered: 11/02/2020) |
|---|---|---|
| 11/02/2020 | 28 | **ORDER** appointing Rick Collum as eVoucher Attorney to represent KARA E WRIGHT. Ordered by US MAGISTRATE JUDGE THOMAS Q LANGSTAFF on 11/2/2020. (bcl) (Entered: 11/02/2020) |
| 11/02/2020 | 29 | Defendant's Consent to Appear by Video Teleconference as to KARA E WRIGHT.(bcl) (Entered: 11/02/2020) |
| 11/02/2020 | 30 | TEXT ONLY Minute Entry **(content for administrative purposes only)** for proceedings held before US MAGISTRATE JUDGE THOMAS Q LANGSTAFF:Initial Appearance as to KARA E WRIGHT held on 11/2/2020; FTR Gold Start Time 2:44; AUSA: Katelyn Semales; Defense Counsel: Rick Collum; US Probation Officer: LaQuesha Balkcom; Dft advised of charges, rights, and maximum possible penalties. Standard Pre-trial Order to be e-filed;, Arraignment held on 11/2/2020 as to KARA E WRIGHT (2) Count 1-3 Plea accepted by Court; Bond Hearing held on 11/2/2020 as to KARA E WRIGHT (1) - Detention Hearing set for 11/4/2020 @ 2:30 pm. Order to follow. Court Reporter: FTR Gold.Time in Court: 12 mins. (bcl)***Hearing held via Zoom Video Teleconference*** (Entered: 11/02/2020) |
| 11/02/2020 | 31 | **STANDARD PRETRIAL ORDER** as to JAYSON E WRIGHT, KARA E WRIGHT Ordered by US MAGISTRATE JUDGE THOMAS Q LANGSTAFF on 11/2/2020. (bcl) (Entered: 11/02/2020) |
| 11/02/2020 | 32 | NOTICE *of Consent to Detention* as to KARA E WRIGHT.(COLLUM, RICK) (Entered: 11/02/2020) |
| 11/02/2020 | 33 | PLEA SHEET as to KARA E WRIGHT: NOT GUILTY. (sbd) (Entered: 11/02/2020) |
| 11/02/2020 |  | Detention Hearing set for 11/4/2020 02:30 PM in Albany before US MAGISTRATE JUDGE THOMAS Q LANGSTAFF.<br><br>NOTICE OF **SETTING** HEARING as to JAYSON E WRIGHT, KARA E WRIGHT. Hearing will occur via **VIDEOCONFERENCE**. Counsel will receive dial in information in an email. Interested parties may obtain dial information by emailing albany.ecf@gamd.uscourts.gov. Attorney client conference will begin prior to the hearing.. (bcl) (Entered: 11/02/2020) |
| 11/03/2020 |  | Notice of Deficiency related document(s): 23 Notice of Attorney Appearance - Defendant filed by KARA E WRIGHT. Signature block did not include an e-mail address as required on page 7 of the CM/ECF procedures manual. No need to refile but information must be included in the future.(sbd) (Entered: 11/03/2020) |
| 11/03/2020 |  | NOTICE OF **CANCELLATION** OF HEARING as to KARA E WRIGHT. Hearing will occur via **VIDEOCONFERENCE**. Hearing has been canceled.(bcl) (Entered: 11/03/2020) |
| 11/03/2020 | 34 | **ORDER** providing Due Process notice as to KARA E WRIGHT. Ordered by US MAGISTRATE JUDGE THOMAS Q LANGSTAFF on 11/3/2020. (TQL) (Entered: 11/03/2020) |

| 11/03/2020 | 35 | **ORDER** OF DETENTION PENDING TRIAL as to KARA E WRIGHT. Ordered by US MAGISTRATE JUDGE THOMAS Q LANGSTAFF on 11/3/2020. (TQL) (Entered: 11/03/2020) |
| 11/03/2020 | 36 | NOTICE OF ATTORNEY APPEARANCE by by TIMOTHY R SAVIELLO appearing for JAYSON E WRIGHT Attorney TIMOTHY R SAVIELLO added to party JAYSON E WRIGHT(pty:dft)(SAVIELLO, TIMOTHY) (Entered: 11/03/2020) |
| 11/03/2020 | 37 | Waiver of Detention Hearing as to JAYSON E WRIGHT (SAVIELLO, TIMOTHY) (Entered: 11/03/2020) |
| 11/04/2020 | | NOTICE OF **CANCELLATION** OF HEARING as to JAYSON E WRIGHT. Hearing will occur via **VIDEOCONFERENCE**. Detention Hearing has been canceled.(bcl) (Entered: 11/04/2020) |
| 11/04/2020 | 38 | **ORDER** providing Due Process notice as to JAYSON E WRIGHT. Ordered by US MAGISTRATE JUDGE THOMAS Q LANGSTAFF on 11/4/2020. (TQL) (Entered: 11/04/2020) |
| 11/04/2020 | 39 | **ORDER** OF DETENTION PENDING TRIAL as to JAYSON E WRIGHT. Ordered by US MAGISTRATE JUDGE THOMAS Q LANGSTAFF on 11/4/2020. (TQL) (Entered: 11/04/2020) |
| 11/05/2020 | 40 | REQUEST for Discovery by JAYSON E WRIGHT (SAVIELLO, TIMOTHY) (Entered: 11/05/2020) |
| 12/07/2020 | 41 | MOTION to Seal Document by UNITED STATES OF AMERICA as to JAYSON E WRIGHT, KARA E WRIGHT. Motion(s) referred to THOMAS Q LANGSTAFF.(rlw) Modified text to correct date of filing on 12/8/2020 (rlw). (Entered: 12/08/2020) |
| 12/07/2020 | 42 | **ORDER** granting 41 Motion to Seal Document as to JAYSON E WRIGHT (1), KARA E WRIGHT (2). Ordered by US DISTRICT JUDGE W LOUIS SANDS on 12/7/2020. (rlw) (Entered: 12/08/2020) |
| 12/07/2020 | 43 | **SEALED MOTION**. Motion(s) referred to THOMAS Q LANGSTAFF.(rlw) (Entered: 12/08/2020) |
| 12/09/2020 | | **REMARK**: Copy of Order 44 emailed to counsel of record. (rlw) (Entered: 12/09/2020) |
| 12/14/2020 | 45 | **STANDING ORDER EXTENDING JURY TRIAL MORATORIUM BECAUSE OF NATIONAL EMERGENCY** as to JAYSON E WRIGHT, KARA E WRIGHT. Ordered by CHIEF DISTRICT JUDGE MARC T TREADWELL on 12/14/2020. (sbd) (Entered: 12/14/2020) |
| 12/29/2020 | 46 | MOTION to Declare Case Complex by UNITED STATES OF AMERICA as to JAYSON E WRIGHT, KARA E WRIGHT. (SEMALES, KATELYN) (Entered: 12/29/2020) |
| 01/15/2021 | 47 | **ORDER** granting 46 Motion to Declare Case Complex as to JAYSON E WRIGHT (1), KARA E WRIGHT (2). Ordered by US DISTRICT JUDGE W LOUIS SANDS on 1/15/2021. (sbd) (Entered: 01/15/2021) |

| | | |
|---|---|---|
| 02/10/2021 | 48 | STANDING ORDER EXTENDING JURY TRIAL MORATORIUM BECAUSE OF NATIONAL EMERGENCY as to JAYSON E WRIGHT, KARA E WRIGHT. Ordered by CHIEF DISTRICT JUDGE MARC T TREADWELL on 2/10/21. (sbd) (Entered: 02/10/2021) |
| 03/19/2021 | 49 | **STANDING ORDER EXTENDING JURY TRIAL MORATORIUM BECAUSE OF NATIONAL EMERGENCY** as to JAYSON E WRIGHT, KARA E WRIGHT. Ordered by CHIEF DISTRICT JUDGE MARC T TREADWELL on 03/19/2021. (mdm) (Entered: 03/19/2021) |
| 05/25/2021 | | Change of Plea Hearing set for 6/10/2021 at 02:00 PM in Albany before US DISTRICT JUDGE W LOUIS SANDS.<br><br>NOTICE OF **SETTING** HEARING as to KARA E WRIGHT. Hearing will occur **IN-PERSON**. Counsel, parties, and members of the public and press should review Standing Order 2021-06, available on the courts website, regarding courthouse entrance procedures due to COVID-19. (gda) (Entered: 05/25/2021) |
| 06/10/2021 | 50 | TEXT ONLY Minute Entry **(content for administrative purposes only)** for proceedings held before US DISTRICT JUDGE W LOUIS SANDS:Change of Plea as to KARA E WRIGHT held on 6/10/2021. FTR Gold START and STOP Times 2:08-3:10. AUSA: Katelyn Semales. Defense Counsel: Rick Collum. Identity Established. Defendant Sworn. The Court inquires into defendant's competence to plead and defendant's voluntariness to plead. The Court reviews constitutional rights with defendant and explains the waiver of rights and waiver of rights to appeal. The Court confirms Defendant's understanding of the Indictment. AUSA explains the essential elements of the charge against defendant. Defendant confirms satisfaction with counsel. Plea agreement identified. The Court inquires into defendant's understanding of the plea agreement. AUSA states the range of sentence and maximum penalty. The Court inquires into any issues pertaining to sentencing. Plea entered. Defendant is directed to cooperate with probation in the preparation of the pre-sentence investigation. Defendant is remanded to the custody of the USMS. Sentencing set for 9/2/2021 at 03:00 PM in Albany before US DISTRICT JUDGE W LOUIS SANDS. Court Reporter: Sally Gray.Time in Court: 1 hr 2 mins. (gda) (Entered: 06/10/2021) |
| 06/10/2021 | 52 | PLEA AGREEMENT as to KARA E WRIGHT. (sbd) Modified filing date on 6/14/2021 (sbd). (Entered: 06/14/2021) |
| 06/10/2021 | 53 | **SEALED DOCUMENT**. (sbd) Modified filing date on 6/14/2021 (sbd). (Entered: 06/14/2021) |
| 06/10/2021 | 54 | PLEA SHEET as to KARA E WRIGHT: GUILTY as to Count 1 of the Indictment. (sbd) Modified filing date on 6/14/2021 (sbd). (Entered: 06/14/2021) |
| 06/11/2021 | 51 | **ORDER** that the Clerk shall SEAL pages 12 through 15, ending at paragraph (8) on page 15, of the plea agreement signed by Defendant Kara Wright and Counsel that has been accepted by the Court. The Court further ORDERS that any record or transcript produced of the hearing that took place on June 10, 2021 before this Court shall have the portions where pages 12 through 15, ending at paragraph (8) on page 15, of the plea agreement read for the Court REDACTED unless requested for further court proceedings and as ordered by the Court. Ordered by US DISTRICT JUDGE W LOUIS SANDS on 6/11/2021. (rlw) (Entered: 06/11/2021) |

| 06/17/2021 | 55 | **ORDER** for Parties' counsel to inform the Court no later than Wednesday, June 30, 2021 whether any matters require a hearing or further briefing or whether the case is ready to proceed to trial as to JAYSON E WRIGHT. Ordered by US DISTRICT JUDGE W LOUIS SANDS on 6/17/2021. (sbd) (Entered: 06/17/2021) |
|---|---|---|
| 07/06/2021 | 56 | NOTICE OF PRETRIAL CONFERENCE as to JAYSON E WRIGHT. Pretrial Conference set for 7/21/2021 at 03:00 PM in Albany before US DISTRICT JUDGE W LOUIS SANDS. Hearing will occur **IN-PERSON**. Counsel, parties, and members of the public and press should review Standing Order 2021-06, available on the courts website, regarding courthouse entrance procedures due to COVID-19. (Attachments: # 1 Criminal Calendar)(gda) (Entered: 07/06/2021) |
| 07/09/2021 | 57 | JOINT MOTION to Continue Trial in the Interest of Justice by JAYSON E WRIGHT as to JAYSON E WRIGHT, KARA E WRIGHT. (SAVIELLO, TIMOTHY) (Entered: 07/09/2021) |
| 07/13/2021 | 58 | **ORDER** granting 57 Motion to Continue Trial in the Interests of Justice. This case is continued from the August term of court to the November term of court in the VALDOSTA DIVISION as to JAYSON E WRIGHT (1). Ordered by US DISTRICT JUDGE W LOUIS SANDS on 7/13/2021. (sbd) (Entered: 07/13/2021) |
| 08/26/2021 | 61 | Joint Motion re: by UNITED STATES OF AMERICA as to KARA E WRIGHT. (Attachments: # 1 Proposed Order Proposed Order)(SEMALES, KATELYN) (Entered: 08/26/2021) |
| 08/26/2021 | 62 | Motion for Additional Decrease for Acceptance of Responsibility Under U.S.S.G 3E1.1(b) by UNITED STATES OF AMERICA as to KARA E WRIGHT. (Attachments: # 1 Proposed Order Proposed Order)(SEMALES, KATELYN) (Entered: 08/26/2021) |
| 08/31/2021 | 63 | **ORDER** granting 61 Joint Motion as to KARA E WRIGHT (2). The sentencing hearing currently set for September 2, 2021 is continued. Ordered by US DISTRICT JUDGE W LOUIS SANDS on 8/30/2021. (sbd) (Entered: 08/31/2021) |
| 08/31/2021 | 64 | **ORDER** granting 62 Motion for Additional Decrease for Acceptance of Responsibility as to KARA E WRIGHT (2). Ordered by US DISTRICT JUDGE W LOUIS SANDS on 8/30/21. (sbd) (Main Document 64 replaced on 8/31/2021) (ans). (Entered: 08/31/2021) |
| 09/01/2021 | 65 | DRAFT PRESENTENCE INVESTIGATION REPORT as to KARA E WRIGHT. Objection to Presentence Report due by 9/15/2021 (sgb) (Entered: 09/01/2021) |
| 09/06/2021 | 66 | FIRST OBJECTION to 65 Presentence Investigation Report as to KARA E WRIGHT (COLLUM, RICK) (Entered: 09/06/2021) |
| 09/17/2021 | 67 | **ORDER** that the parties' counsel shall review the case, confer, and inform the Court no later than Friday, September 24, 2021 whether any matters require a hearing or further briefing or whether the case is ready to proceed to trial as to JAYSON E WRIGHT. Ordered by US DISTRICT JUDGE W LOUIS SANDS on 9/17/2021. (rlw) (Entered: 09/17/2021) |
| 09/24/2021 | 68 | RESPONSE to Court Order by JAYSON E WRIGHT re 67 Order, (SAVIELLO, TIMOTHY) (Entered: 09/24/2021) |

| | | |
|---|---|---|
| 09/24/2021 | 69 | AMENDED DOCUMENT as to JAYSON E WRIGHT,amending 68 Response to Court Order (SAVIELLO, TIMOTHY) (Entered: 09/24/2021) |
| 09/28/2021 | 70 | NOTICE OF PRETRIAL CONFERENCE as to JAYSON E WRIGHT. Pretrial Conference set for 10/12/2021 at 03:00 PM in Albany before US DISTRICT JUDGE W LOUIS SANDS. Hearing will occur **IN-PERSON**. Counsel, parties, and members of the public and press should review Standing Order 2021-08, available on the courts website, regarding courthouse entrance procedures due to COVID-19. (Attachments: # 1 Criminal Calendar)(gda) (Entered: 09/28/2021) |
| 10/06/2021 | 71 | **ORDER** that the Government inform the Court whether Ms. Semales will take a leave of absence in this case and enter notice of appearance for additional counsel within three (3) days of this Order or by Friday, October 8, 2021 as to JAYSON E WRIGHT. Ordered by US DISTRICT JUDGE W LOUIS SANDS on 10/5/2021. (sbd) (Entered: 10/06/2021) |
| 10/06/2021 | 72 | NOTICE OF ATTORNEY APPEARANCE by ALEX KALIM appearing for USA. Attorney ALEX KALIM added to party UNITED STATES OF AMERICA(pty:pla) (KALIM, ALEX) (Entered: 10/06/2021) |
| 10/07/2021 | | Change of Plea Hearing set for 10/28/2021 at 02:00 PM in Albany before US DISTRICT JUDGE W LOUIS SANDS.<br><br>NOTICE OF **SETTING** HEARING as to JAYSON E WRIGHT. Hearing will occur **IN-PERSON**. Counsel, parties, and members of the public and press should review Standing Order 2021-08, available on the courts website, regarding courthouse entrance procedures due to COVID-19. (gda) (Entered: 10/07/2021) |
| 10/07/2021 | 73 | Notice of Leave of Absence. (Attachments: # 1 Proposed Order Proposed Order) (SEMALES, KATELYN) (Entered: 10/07/2021) |
| 10/28/2021 | 74 | MOTION to Seal Document by UNITED STATES OF AMERICA as to JAYSON E WRIGHT, KARA E WRIGHT. (Attachments: # 1 Proposed Order) Motion(s) referred to THOMAS Q LANGSTAFF.(KALIM, ALEX) (Entered: 10/28/2021) |
| 10/28/2021 | 75 | TEXT ONLY Minute Entry **(content for administrative purposes only)** for proceedings held before US DISTRICT JUDGE W LOUIS SANDS:Change of Plea as to JAYSON E WRIGHT held on 10/28/2021. AUSA: Alex Kalim. Defense Counsel: Tim Saviello. Identity Established. Defendant Sworn. The Court inquires into defendant's competence to plead and defendant's voluntariness to plead. The Court reviews constitutional rights with defendant and explains the waiver of rights and waiver of rights to appeal. The Court confirms Defendant's understanding of the Indictment. AUSA explains the essential elements of the charge against defendant. Defendant confirms satisfaction with counsel. Plea agreement identified. The Court inquires into defendant's understanding of the plea agreement. AUSA states the range of sentence and maximum penalty. The Court inquires into any issues pertaining to sentencing. Plea entered. Both the signed Plea Agreement and Change of Plea were filed with the Clerk.Defendant is directed to cooperate with probation in the preparation of the pre-sentence investigation. Defendant is remanded to the custody of the USMS. Sentencing set for 2/24/2022 at 03:00 PM in Albany before US DISTRICT JUDGE W LOUIS SANDS. Court Reporter: Sally Gray.Time in Court: 1 hr and 7 mins. (gda) (Entered: 10/28/2021) |

| | | |
|---|---|---|
| 10/28/2021 | 76 | **DISREGARD - Refiled at #81 and #82** PLEA AGREEMENT as to JAYSON E WRIGHT. (rlw) Modified text on 11/19/2021 (sbd). (Entered: 10/28/2021) |
| 10/28/2021 | 77 | CHANGE OF PLEA as to JAYSON E WRIGHT: GUILTY as to Count(s) One and Four of the Indictment. (rlw) (Entered: 10/28/2021) |
| 10/28/2021 | 81 | PLEA AGREEMENT as to JAYSON E WRIGHT. (sbd) (Entered: 11/19/2021) |
| 10/28/2021 | 82 | **SEALED DOCUMENT** re: JAYSON E WRIGHT. (sbd) (Entered: 11/19/2021) |
| 11/03/2021 | 78 | JOINT MOTION to Continue by UNITED STATES OF AMERICA as to JAYSON E WRIGHT, KARA E WRIGHT. (Attachments: # 1 Proposed Order)(KALIM, ALEX) Modified text on 11/4/2021 (sbd). (Entered: 11/03/2021) |
| 11/04/2021 | | Notice of Deficiency related document(s): 78 Motion to Continue Trial in the Interest of Justice filed by UNITED STATES OF AMERICA. Wrong event used - the correct event is Motion to Continue and not Motion to Continue Trial in the Interest of Justice - No need to refile.(sbd) (Entered: 11/04/2021) |
| 11/08/2021 | 79 | **ORDER** granting 78 Motion for Continuance and to Schedule Sentencing. The sentencings are hereby scheduled for the same day and shall be set for April 2022 as to JAYSON E WRIGHT (1), KARA E WRIGHT (2). Ordered by US DISTRICT JUDGE W LOUIS SANDS on 11/8/2021. (sbd) (Entered: 11/08/2021) |
| 11/18/2021 | 80 | **ORDER** granting in part 74 Motion to Seal Document as to JAYSON E WRIGHT (1). Ordered by US DISTRICT JUDGE W LOUIS SANDS on 11/18/2021. (sbd) (Entered: 11/18/2021) |
| 02/15/2022 | 83 | DRAFT PRESENTENCE INVESTIGATION REPORT as to JAYSON E WRIGHT. Objection to Presentence Report due by 3/1/2022 (sgb) (Entered: 02/15/2022) |
| 02/16/2022 | | Sentencing set for 4/27/2022 at 11:00 AM in Albany before US DISTRICT JUDGE W LOUIS SANDS.<br><br>NOTICE OF **SETTING** HEARING as to JAYSON E WRIGHT, KARA E WRIGHT. Hearing will occur **IN-PERSON**. Counsel, parties, and members of the public and press should review Standing Order 2022-02, available on the courts website, regarding courthouse entrance procedures due to COVID-19. (gda) (Entered: 02/16/2022) |
| 02/25/2022 | | Sentencing set for 6/29/2022 at 11:00 AM in Albany before US DISTRICT JUDGE W LOUIS SANDS.<br><br>NOTICE OF **RESETTING** HEARING as to JAYSON E WRIGHT, KARA E WRIGHT. Hearing will occur **IN-PERSON**. Counsel, parties, and members of the public and press should review Standing Order 2022-02, available on the courts website, regarding courthouse entrance procedures due to COVID-19. (gda) (Entered: 02/25/2022) |
| 05/19/2022 | 84 | Notice of Additional Decrease for Acceptance of Responsibility Under U.S.S.G 3E1.1(b) as to JAYSON E WRIGHT(SEMALES, KATELYN) (Entered: 05/19/2022) |
| 05/19/2022 | 85 | Notice of Additional Decrease for Acceptance of Responsibility Under U.S.S.G 3E1.1(b) as to KARA E WRIGHT(SEMALES, KATELYN) (Entered: 05/19/2022) |

| 06/17/2022 | 86 | SENTENCING MEMORANDUM by JAYSON E WRIGHT (SAVIELLO, TIMOTHY) (Entered: 06/17/2022) |
|---|---|---|
| 06/22/2022 | 87 | FINAL PRESENTENCE INVESTIGATION REPORT as to JAYSON E WRIGHT. (Attachments: # 1 Addendum)(sgb) (Entered: 06/22/2022) |
| 06/22/2022 | 88 | FINAL PRESENTENCE INVESTIGATION REPORT as to KARA E WRIGHT. (Attachments: # 1 Addendum)(sgb) (Entered: 06/22/2022) |
| 06/27/2022 | 89 | JOINT MOTION to Seal Document by UNITED STATES OF AMERICA as to JAYSON E WRIGHT, KARA E WRIGHT. (Attachments: # 1 Proposed Order Proposed Order) Motion(s) referred to THOMAS Q LANGSTAFF.(SEMALES, KATELYN) (Entered: 06/27/2022) |
| 06/29/2022 | 90 | Minute Entry **(content for administrative purposes only)** for proceedings held before US DISTRICT JUDGE W LOUIS SANDS:Sentencing held on 6/29/2022 for KARA E WRIGHT (2), Count(s) 1, 30 years imprisonment, supervised release of Life, $100 MAF, $415,000 restitution. Court Reporter: Sally Gray. (sbd) (Entered: 06/30/2022) |
| 06/29/2022 | 91 | Appeal Information Package Hand Delivered to Attorney and Defendant as to KARA E WRIGHT. (sbd) (Entered: 06/30/2022) |
| 06/29/2022 | 92 | Minute Entry **(content for administrative purposes only)** for proceedings held before US DISTRICT JUDGE W LOUIS SANDS:Sentencing held on 6/29/2022 for JAYSON E WRIGHT (1), Count(s) 1, 30 years imprisonment, supervised release of LIFE, $100 MAF, $625,000 restitution; Count(s) 4, 30 years imprisonment to run consecutively to Count 1 for a total of 60 years imprisonment, supervised release of LIFE, $100 MAF for a total of $200. Court Reporter: Sally Gray. (sbd) (Entered: 06/30/2022) |
| 06/29/2022 | 93 | Appeal Information Package Hand Delivered to Attorney and Defendant as to JAYSON E WRIGHT. (sbd) (Entered: 06/30/2022) |
| 07/05/2022 | 94 | **JUDGMENT** as to JAYSON E WRIGHT (1), Count(s) 1, 360 months imprisonment imprisonment, supervised release of LIFE, $100 MAF, $625,000 restitution; Count(s) 4, 360 months imprisonment to run consecutively to Count 1 for a total of 720 months imprisonment, supervised release of LIFE, $100 MAF for a total of $200. Ordered by US DISTRICT JUDGE W LOUIS SANDS on 7/5/2022. (rlw) (Entered: 07/05/2022) |
| 07/05/2022 | 95 | STATEMENT OF REASONS re: 94 Judgment, as to JAYSON E WRIGHT. (rlw) (Entered: 07/05/2022) |
| 07/05/2022 | 96 | **JUDGMENT** as to KARA E WRIGHT (2), Count(s) 1, 30 years imprisonment, supervised release of Life, $100 MAF, $415,000 restitution; Count(s) 2, 3, Dismissed. Ordered by US DISTRICT JUDGE W LOUIS SANDS on 7/5/2022. (rlw) (Entered: 07/05/2022) |
| 07/08/2022 | 98 | **AMENDED JUDGMENT** for JAYSON E WRIGHT (1), Count(s) 1, 360 months imprisonment imprisonment, supervised release of LIFE, $100 MAF, $625,000 restitution; Count(s) 4, 360 months imprisonment to run consecutively to Count 1 for a total of 720 months imprisonment, supervised release of LIFE, $100 MAF for a total of $200 re: 94 Judgment. Ordered by US DISTRICT JUDGE W LOUIS SANDS on 7/7/2022. (rlw) (Entered: 07/08/2022) |
| 07/08/2022 | 99 | AMENDED JUDGMENT - REASON FOR AMENDMENT PAGE re: 98 Amended Judgment, as to JAYSON E WRIGHT. (rlw) (Entered: 07/08/2022) |

| | | |
|---|---|---|
| 07/08/2022 | 100 | **AMENDED JUDGMENT** for KARA E WRIGHT (2), Count(s) 1, 360 months imprisonment, supervised release of Life, $100 MAF, $415,000 restitution re: 96 Judgment. Ordered by US DISTRICT JUDGE W LOUIS SANDS on 7/7/2022. (rlw) (Entered: 07/08/2022) |
| 07/13/2022 | 102 | NOTICE OF APPEAL - Final Judgment of Conviction by JAYSON E WRIGHT re 98 Amended Judgment. (Attachments: # 1 Envelope)(sbd) (Entered: 07/13/2022) |
| 07/13/2022 | 103 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re: 98 Amended Judgment, 102 Notice of Appeal - Final Judgment of Conviction Judge Appealed: Judge Sands. Court Reporter: Sally Gray. Appeal Fee: Not Paid. (sbd) (Entered: 07/13/2022) |
| 07/13/2022 | 104 | NOTICE OF ATTORNEY APPEARANCE by by JONATHAN R DODSON appearing for JAYSON E WRIGHT Attorney JONATHAN R DODSON added to party JAYSON E WRIGHT(pty:dft)(DODSON, JONATHAN) (Entered: 07/13/2022) |
| 07/13/2022 | 105 | NOTICE OF APPEAL - Final Judgment of Conviction by JAYSON E WRIGHT re 98 Amended Judgment, ; (DODSON, JONATHAN) (Entered: 07/13/2022) |
| 07/13/2022 | 106 | TRANSCRIPT INFORMATION FORM as to JAYSON E WRIGHT re 105 Notice of Appeal - Final Judgment of Conviction. (DODSON, JONATHAN) (Entered: 07/13/2022) |
| 07/13/2022 | 107 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re: 105 Notice of Appeal - Final Judgment of Conviction, 98 Amended Judgment, Judge Appealed: Judge Sands. Court Reporter: Sally Gray. Appeal Fee: Not Paid. (sbd) (Entered: 07/13/2022) |
| 07/18/2022 | 108 | TRANSCRIPT ORDER ACKNOWLEDGMENT as to JAYSON E WRIGHT re 105 Notice of Appeal - Final Judgment of Conviction, 102 Notice of Appeal - Final Judgment of Conviction. (Sally Gray) (Entered: 07/18/2022) |
| 07/19/2022 | 109 | USCA Case Number as to JAYSON E WRIGHT 22-12338-A for 105 Notice of Appeal - Final Judgment of Conviction filed by JAYSON E WRIGHT, 102 Notice of Appeal - Final Judgment of Conviction filed by JAYSON E WRIGHT. (sbd) (Entered: 07/19/2022) |
| 08/17/2022 | 110 | TRANSCRIPT of Proceedings as to JAYSON E WRIGHT held on 10/28/2021, before Judge W. Louis Sands. Court Reporter Sally Gray. PLEA HEARING. The transcript may be inspected at the court or purchased through the court reporter for a period of 90 days. After 90 days, the transcript may be obtained via PACER. REDACTION OF TRANSCRIPTS: Complete redaction policy available on the courts website. (slg) (Entered: 08/17/2022) |
| 08/17/2022 | 111 | TRANSCRIPT of Proceedings as to JAYSON E WRIGHT, KARA E WRIGHT held on 6/29/2022, before Judge W. Louis Sands. Court Reporter Sally Gray. Sentencing Hearing. The transcript may be inspected at the court or purchased through the court reporter for a period of 90 days. After 90 days, the transcript may be obtained via PACER. REDACTION OF TRANSCRIPTS: Complete redaction policy available on the courts website. (slg) (Entered: 08/17/2022) |
| 08/17/2022 | 112 | Notice of Filing Official Transcript to all parties re 110 Transcript of Proceedings, 111 Transcript of Proceedings,.(GRAY, SALLY) (Entered: 08/17/2022) |

| 08/23/2022 | 113 | MOTION to Withdraw Document *Government's Motion to Withdraw Joint Motion (doc.89)* by UNITED STATES OF AMERICA as to JAYSON E WRIGHT, KARA E WRIGHT. (Attachments: # 1 Proposed Order Proposed Order) Motion(s) referred to THOMAS Q LANGSTAFF.(SEMALES, KATELYN) (Entered: 08/23/2022) |
|---|---|---|
| 08/24/2022 | 114 | **ORDER** granting 113 Motion to Withdraw Document as to JAYSON E WRIGHT (1), KARA E WRIGHT (2). Ordered by US DISTRICT JUDGE W LOUIS SANDS on 8/24/2022. (sbd) (Entered: 08/24/2022) |
| 09/12/2022 | | Pursuant to F.R.A.P 11(c) the Clerk of the District Court for the Middle District of Georgia certifies that the record is complete for purposes of this appeal re: 105 Notice of Appeal - Final Judgment of Conviction, 102 Notice of Appeal - Final Judgment of Conviction as to JAYSON E WRIGHT. The entire record on appeal is available electronically. (ksl) (Entered: 09/12/2022) |
| 01/30/2023 | 115 | EMERGENCY MOTION to Seal Document *Previously Filed Sentencing Transcript, Doc. 111,* by JAYSON E WRIGHT. Motion(s) referred to THOMAS Q LANGSTAFF. (DODSON, JONATHAN) (Entered: 01/30/2023) |
| 01/30/2023 | 116 | EMERGENCY MOTION for Extension of Time to File *Transcript Redaction Request for Sentencing Transcript, Doc. 111,* by JAYSON E WRIGHT. (Attachments: # 1 Exhibit 1 - Transcript Redaction Request) Motion(s) referred to THOMAS Q LANGSTAFF.(DODSON, JONATHAN) (Entered: 01/30/2023) |
| 01/30/2023 | 117 | **ORDER** granting 115 Motion to Seal Document as to JAYSON E WRIGHT (1); granting 116 Motion for Extension of Time to File as to JAYSON E WRIGHT (1). Ordered by US DISTRICT JUDGE W LOUIS SANDS on 1/30/2023. (ksl) (Entered: 01/30/2023) |
| 01/30/2023 | 118 | Transcript Redaction Request in case as to JAYSON E WRIGHT re 111 Transcript of Proceedings, filed by attorney JONATHAN R DODSON (DODSON, JONATHAN) (Entered: 01/30/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/31/2023 10:37:01 | | |
| **PACER Login:** | JoNathDodson | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 7:20-cr-00033-WLS-TQL |
| **Billable Pages:** | 12 | **Cost:** | 1.20 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

Indictment (R1)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **SEALED INDICTMENT** |
| | : | |
| **vs.** | : | **CRIMINAL NO. 7:20-CR-** |
| | : | |
| **JAYSON E. WRIGHT** | : | **VIOLATIONS:** |
| | : | 18 U.S.C. § 2251(a) |
| **and** | : | 18 U.S.C. § 2251(b) |
| | : | 18 U.S.C. § 2251(e) |
| **KARA E. WRIGHT,** | : | 18 U.S.C. § 2 |

_____

**THE GRAND JURY CHARGES:**

<u>**COUNT ONE**</u>
<u>**PRODUCTION OF CHILD PORNOGRAPHY**</u>
<u>**18 U.S.C. §§2251(b) and (e)**</u>

That on or about March 11, 2018, in the Valdosta Division of the Middle District of

Georgia, the defendants,

**JAYSON E. WRIGHT**, and
**KARA E. WRIGHT,**

each being the parent of Minor Victim #1, a minor whose identity is known to the Grand Jury,

knowingly permitted Minor Victim #1 to engage in sexually explicit conduct for the purpose of

producing a visual depiction of such conduct, which visual depiction was produced using

materials that had been mailed, shipped, and transported in interstate or foreign commerce by

any means, including by computer.

All in violation of Title 18, United States Code, Sections 2251(b) and (e) and Title 18,

United States Code, Section 2.

**COUNT TWO**
**PRODUCTION OF CHILD PORNOGRAPHY**
**18 U.S.C. §§2251(b) and (e)**

That on or about February 9, 2019, in the Valdosta Division of the Middle District of

Georgia, the defendants,

**JAYSON E. WRIGHT**, and
**KARA E. WRIGHT,**

each being the parent of Minor Victim #1, a minor whose identity is known to the Grand Jury,

knowingly permitted Minor Victim #1 to engage in sexually explicit conduct for the purpose of

producing a visual depiction of such conduct, which visual depiction was produced using

materials that had been mailed, shipped, and transported in interstate or foreign commerce by

any means, including by computer.

All in violation of Title 18, United States Code, Sections 2251(b) and (e) and Title 18,

United States Code, Section 2.

**COUNT THREE**
**PRODUCTION OF CHILD PORNOGRAPHY**
**18 U.S.C. §§2251(b) and (e)**

That on or about January 15, 2020, in the Valdosta Division of the Middle District of

Georgia, the defendants,

**JAYSON E. WRIGHT**, and
**KARA E. WRIGHT,**

each being the parent of Minor Victim #1, a minor whose identity is known to the Grand Jury,

knowingly permitted Minor Victim #1 to engage in sexually explicit conduct for the purpose of

producing visual depictions of such conduct, which visual depictions were produced using

materials that had been mailed, shipped, and transported in interstate or foreign commerce by

any means, including by computer.

All in violation of Title 18, United States Code, Sections 2251(b) and (e) and Title 18, United States Code, Section 2.

### COUNT FOUR
### PRODUCTION OF CHILD PORNOGRAPHY
### 18 U.S.C. §§2251(a) and (e)

That on or about June 5, 2018, in the Valdosta Division of the Middle District of Georgia, the defendant,

### JAYSON E. WRIGHT,

did employ, use, induce, entice and coerce and attempt to employ, use, induce, entice and coerce Minor Victim #2, a minor whose identity is known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using material that had been mailed, shipped, and transported in interstate or foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Sections 2251(a) and (e).

### COUNT FIVE
### PRODUCTION OF CHILD PORNOGRAPHY
### 18 U.S.C. §§2251(a) and (e)

That on or about July 2, 2018, in the Valdosta Division of the Middle District of Georgia, the defendant,

### JAYSON E. WRIGHT,

did employ, use, induce, entice and coerce and attempt to employ, use, induce, entice and coerce Minor Victim #3, a minor whose identity is known to the Grand Jury, in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using material that had been mailed, shipped, and transported in interstate or foreign commerce, by any means, including by computer.

All in violation of Title 18, United States Code, Sections 2251(a) and (e).

## COUNT SIX
## PRODUCTION OF CHILD PORNOGRAPHY
## 18 U.S.C. §§2251(a) and (e)

Beginning on a time unknown to the Grand Jury but at least during August 2019, in the

Valdosta Division of the Middle District of Georgia, the defendant,

## JAYSON E. WRIGHT,

did employ, use, induce, entice and coerce and attempt to employ, use, induce, entice and coerce

Minor Victim #4 and Minor Victim #1, minors whose identities are known to the Grand Jury, to

engage in sexually explicit conduct for the purpose of producing visual depictions of such

conduct, which visual depictions were produced using material that had been mailed, shipped,

and transported in interstate or foreign commerce by any means, including a computer.

All in violation of Title 18, United States Code, Sections 2251(a) and (e).

## FORFEITURE NOTICE
## (18 U.S.C. § 2253 - Criminal Forfeiture)

1.      The allegations contained in Counts One through Six of this Indictment are

hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging

forfeiture to the United States of America, pursuant to the provisions of Title 18, United States

Code, Section 2253.

2.      Upon conviction of the offense(s) in violation of Title 18, United States Code,

Sections 2251(a), (b) and (e), set forth in Counts through Fourteen of this Indictment, the

defendant(s), **JAYSON E. WRIGHT, and KARA E. WRIGHT,** shall forfeit to the United

States of America pursuant to Title 18, United States Code, Section 2253:

        (a)      Any visual depiction described in Title 18, United States Code, Sections

                2251, 2251A, 2252, 2252A, 2252B, or 2260, or any book, magazine,

4

periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

(b)     Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense(s); and

(c)  Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense(s), or any property traceable to such property.

3.     If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)     cannot be located upon exercise of due diligence;

(b)     has been transferred, sold to or deposited with, a third person;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

All pursuant to 18 U.S.C. § 2253.

A TRUE BILL.


/s/ Foreperson of the Grand Jury
FOREPERSON OF THE GRAND JURY



Presented by:

CHARLES E. PEELER
UNITED STATES ATTORNEY

KATELYN SEMALES
ASSISTANT UNITED STATES ATTORNEY

Filed in open court this __15__ day of September, 2020.

Deputy Clerk

Guilty Plea (R77)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

UNITED STATES OF AMERICA        :
                                :       CRIM. NO. 7:20-CR-33 (WLS)
        vs.                     :
                                :
JAYSON E. WRIGHT,               :
                                :
        Defendant.              :
_____:

## CHANGE OF PLEA

I, JAYSON E. WRIGHT, having been advised of my Constitutional rights, and

having had the charges herein stated to me, and pursuant to a written plea agreement,

the terms of which are subject to acceptance or rejection by the Court at such time as the

Court has considered a presentence report and now plead **Guilty** to Counts One and

Four of the Indictment, this _28th_ day of _October_, 2021.

I also acknowledge the fact the Court is required to consider any applicable

advisory sentencing guideline when imposing sentence in this case.

_____
JAYSON E. WRIGHT
DEFENDANT

FILED at _3:13_ p __M
_October 28th_, 20 _21_
_____
Courtroom Deputy/Scheduling Clerk
U.S. District Court
Middle District of Georgia

_____
TIMOTHY R. SAVIELLO
ATTORNEY FOR DEFENDANT

_____
For: KATELYN SEMALES
ASSISTANT UNITED STATES ATTORNEY

Plea Agreement (R81)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

UNITED STATES OF AMERICA      :
                              :
vs.                           :      CRIM. NO. 7:20-CR-33 (WLS)
                              :
JAYSON E. WRIGHT,             :
                              :
      Defendant.              :
_____:

FILED at 2:15 P M
_____ October 28th _____, 20 21
Gloria N. Anderson
Courtroom Deputy Scheduling Clerk
U.S. District Court
Middle District of Georgia

## PLEA AGREEMENT[1]

It is agreed by the United States of America, by and through its undersigned

attorney, and **JAYSON E. WRIGHT,** hereinafter referred to as "Defendant," and

Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the

Indictment against Defendant in this matter with Defendant's attorney and Defendant's

attorney has explained to Defendant his understanding of the Government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that

Defendant has the right to plead not guilty and to elect instead to be tried by jury.

Defendant understands that at a jury trial, Defendant would enjoy a presumption of

innocence, and that the United States would have the burden of proving Defendant's

guilt beyond a reasonable doubt.  Defendant understands that Defendant would be

1



entitled to the services of an attorney at all stages of such a trial.   Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could not be compelled to do so.   Defendant has discussed these rights with Defendant's attorney.   Defendant is satisfied with the services of Defendant's attorney.   Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The Acting United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in <u>United States v. Booker</u>, 543 U.S. 220 (2005).   Defendant knowingly and voluntarily waives any further objections that Defendant may have based on <u>Booker</u>, <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay.   Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

---

[1] Government counsel consulted with Defense counsel for Defendant Jayson Wright and both parties agree and request that the Court seal the facts in the plea agreement to protect the minor victims from further victimization.



(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A)     The Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One and Count Four of the Indictment which charge Defendant with Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a), (b) and (e), and Title 18, United States Code, Section 2.

(B)     That Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant to a maximum sentence of thirty (30) years imprisonment with a minimum mandatory term of imprisonment of fifteen (15) years, a maximum fine of $250,000.00, or both, and a term of supervised release of at least five (5) years up to the possibility of a lifetime of supervision on each of Count.   Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.   Additionally, the Defendant agrees that he may be subject to the following:

    I.    An assessment of $5,000.00 per count under 18 U.S.C. § 3014;

    II.    An assessment, pursuant to 18 U.S.C. § 2259A, per count of no more than:

        a.    $17,000.00 if convicted of 18 U.S.C. § 2252(a)(4) or § 2252A(a)(5);

        b.    $35,000.00 if convicted of any other trafficking in child pornography offense as defined by § 2259(c)(3), which includes

3



offenses under 18 U.S.C. §§ 2251(d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b);

c.  $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under 18 U.S.C. § 2251(a) through (c), 2251A, 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in section 2256);

III.  Not less than $3000.00 in mandatory restitution, per victim, as required pursuant to 18 U.S.C. § 2259 for any conviction of an offense described in paragraphs II(a) and II(b) above.

(C)   The Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office. The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's attorney, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigative Report and found by the Court to be the correct guideline range.

(D)   The Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigative Report has been completed. The Defendant understands and has discussed with Defendant's attorney that the Defendant will have



the opportunity to review the Presentence Investigative Report and challenge any facts reported therein. The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the Defendant or Defendant's attorney to the Presentence Investigative Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E)     The Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(F)     Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)     Defendant understands, and has fully discussed with his attorney, that the Court shall order total restitution in this case pursuant to Title 18, United States Code, Section 1593. Defendant and the Government agree that the amount of restitution to be paid to Minor Victim #1 is $400,000.00 and the amount of restitution to be paid to Minor Victim #2, and Minor Victim #3 and Minor Victim #4 is $75,000.00 each. The parties will file a formal restitution agreement under seal prior to the sentencing hearing that will provide the victims' information.

(H)     <u>Waiver of Appeal Rights and Right of Collateral Attack</u>:

Understanding that Title 18, United States Code, Section 3742 provides for appeal by a Defendant of the sentence under certain circumstances, Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to

5



appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28, United States Code, Section 2241.

Defendant waives any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c)(2), except in the event of a future retroactive amendment to the sentencing guidelines which would affect Defendant's sentence.

Defendant and the Government agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in 18 U.S.C. § 3742(b). If, however, the Government appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack Defendant might file challenging her conviction or sentence in this case. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government,

6

be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the plea agreement.

(I)    Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. §3583(d).   Defendant also understands that independent of supervised release, she will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or other relevant information.   Defendant shall comply with requirements to periodically verify in person his sex offender registration information.   Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.   If he resides in Georgia following release from prison, he will be subject to the registration requirements of OCGA § 42-1-12 et seq., or if in another state to any reporting or registration requirements in that state.   Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, defendant shall initially register with the state sex offender registration in Georgia and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.   Defendant shall comply with all



requirements of federal and state sex offender registration laws, including the requirement to update his registration information.   Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

(J)   Defendant agrees that any restitution is ordered by the Court under 18 U.S.C. §2259, the amount of restitution ordered by the Court shall include defendant's total offense conduct.   Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution.

Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction execution of this agreement.

The restitution described above shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will jointly recommend that as a condition of probation or supervised release, defendant will notify the Financial Litigation Unit (FLU), United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or



corporation after the execution of this plea agreement until the fine or restitution is paid in full.

The parties will also jointly recommend that as a condition of probation or supervised release, defendant will notify the FLU, United States Attorney's Office, before defendant transfers any interest in property owned directly or indirectly by defendant, including any interest held or owned under any other name or entity, including trusts, partnerships and/or corporations.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the Acting United States Attorney for the Middle District of Georgia agrees as follows:

(A)    That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the Acting United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant. The Acting United States Attorney agrees to dismiss the remaining counts of the pending Indictment, if any, in exchange for Defendant's plea of guilty to Counts One and Four of the Indictment.

(B)    If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the Acting United States Attorney will recommend to the Court that the Defendant receive an appropriate downward departure for such acceptance.  It is entirely within the Court's discretion whether or not the Defendant would be entitled to any reduction based upon an acceptance of



(8)

ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that

this agreement shall become effective only upon the Court's acceptance of this

agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 28th day of October, 2021.

PETER D. LEARY
ACTING UNITED STATES ATTORNEY


FOR: _____
KATELYN SEMALES
ASSISTANT UNITED STATES ATTORNEY

16



I, JAYSON E. WRIGHT, have read this agreement and had this agreement read to me by my attorney, TIMOTHY R. SAVIELLO.  I have discussed this agreement with my attorney and I fully understand it and agree to its terms.


_____
JAYSON E. WRIGHT
DEFENDANT


I, TIMOTHY R. SAVIELLO, attorney for Defendant JAYSON E. WRIGHT, have explained the Indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant.  I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial.  I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant.  To the best of my knowledge and belief, Defendant understands this agreement.


_____
TIMOTHY R. SAVIELLO
ATTORNEY FOR DEFENDANT

17

SEALED EXHIBIT –
Draft Presentence Investigation Report (R83)

SEALED EXHIBIT –
Defendant's Sentencing Memorandum (R86)

SEALED EXHIBIT –
Final Presentence Investigation Report (R87)

July 5, 2022 Judgment (R94)

AO 245B    Judgment in a Criminal Case
(Rev. 12/19)   Sheet 1

# UNITED STATES DISTRICT COURT
## Middle District of Georgia

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |
| JAYSON E WRIGHT | Case Number:    7:20-CR-00033-WLS-TQL(1) |
| | USM Number:    08072-509 |

TIMOTHY R SAVIELLO
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1 and 4

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:2251(a) and 2251 (e) and 18:2 - Production of Child Pornography | 07/02/2018 | 1 |
| 18:2251(b) and2251 (e) - Production of Child Pornography | 07/02/2018 | 4 |

The defendant is sentenced as provided in pages 2 through  8  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s)    2 &3, 5 & 6    ☐ is  ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 29, 2022
Date of Imposition of Judgment

Signature of Judge

W. LOUIS SANDS
SENIOR UNITED STATES DISTRICT JUDGE
Name and Title of Judge

7/5/22
Date

AO 245B    Judgment in Criminal Case
(Rev. 12/19)  Sheet 2 --- Imprisonment

Judgment — Page ____2____ of ____8____

DEFENDANT:          JAYSON E WRIGHT
CASE NUMBER:        7:20-CR-00033-WLS-TQL(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of: three Hundred sixty (360) months as to count 1; three Hundred sixty (360) days as to count 4 for a total of 720 months.

☐ The court makes the following recommendations to the Bureau of Prisons:
    Click here to enter text.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m.  on _____ .
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____ .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    Judgment in a Criminal Case
(Rev. 12/19)  Sheet 3 — Supervised Release

Judgment—Page    3    of    8

DEFENDANT:          JAYSON E WRIGHT
CASE NUMBER:        7:20-CR-00033-WLS-TQL(1)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: life.

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.

2.   You must not unlawfully possess a controlled substance.

3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of
     release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
     ☐   The above drug testing condition is suspended, based on the court's determination that you
         pose a low risk of future substance abuse. (*check if applicable*)

4.   ☐   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of
         restitution. (*check if applicable*)

5.   ☒   You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)

6.   ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*)
         as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location
         where you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7.   ☐   You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the
attached page.

AO 245B    Judgment in a Criminal Case
(Rev. 12/19)    Sheet 3A — Supervised Release

Judgment—Page    4    of    8

DEFENDANT:          JAYSON E WRIGHT
CASE NUMBER:     7:20-CR-00033-WLS-TQL(1)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. Upon notification to the Court and upon the Court's direction, the probation officer may require you to notify a person or organization of a risk you may pose, and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature    _____    Date  _____
USPO Officer's Signature    _____    Date  _____

AO 245B      Judgment in a Criminal Case
(Rev. 12/19)    Sheet 3D — Supervised Release

|  | Judgment—Page | 5 | of | 8 |

DEFENDANT:      JAYSON E WRIGHT
CASE NUMBER:    7:20-CR-00033-WLS-TQL(1)

## SPECIAL CONDITIONS OF SUPERVISION

You shall participate in an approved sex offender treatment program. The U.S Probation Office shall administratively supervise your participation in the program by approving the program and monitoring your participation in the program. For contracted providers, you shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved 'U.S. Probation Office' Sliding Scale for Service,' and shall cooperate in securing any applicable third-part payment, such as insurance or Medicaid. You are responsible for paying all cost associated with any non-contracted treatment providers approved by the probation office.

You shall not associate with or have contact with persons under the age of 18, except in the presence of a responsible adult who is aware of the nature of your background and current offense, and who has been approved in advance by the probation officer. Contact includes any direct correspondence, telephone, internet or other electronic communication, or by using third parties

You shall not have contact with the victim (list name if appropriate) (and/or family members named if appropriate) by any means, including in person, by mail, email, telephone, text messaging, or other electronic means, or via third parties. If any contact occurs, you shall immediately leave the area of contact and report the contact to the probation officer.

You are prohibited from access to any computer or any other public or private computer network at any location. This includes but is not limited to computers or devices located in private homes, libraries, schools, cyber cafes or other public or private locations.

You shall not use or own any device which allows Internet access. This includes but is not limited to PDAs, electronic games, Internet appliances and cellular devices. An exception may be made for employment or education with the approval of the Probation Office.

You shall provide the Probation Office with truthful and complete information regarding all computer hardware, software, Internet providers, cellular devices and storage media to which you have access, whether at home, work, or other locations.

You shall also provide all passwords used on your computer, cellular devices and online accounts.

You are only authorized to use cellular devices that do not have Internet access and are approved by the Probation Office.

You shall submit your cellular devices for inspection and review by the Probation Office.

You shall not own or possess any type of camera, photographic device or video producing device without the approval of the Probation Office.

You shall provide financial information to the Probation Office upon request.

You shall not possess or use any form of removable media or data storage.

Should you be found in violation of these conditions through possession of any form of digital evidence, you shall submit that evidence for inspection and review by the Probation Office. If directed, you shall relinquish possession of said items to the Probation Office. The review may include data you have stored on remote servers, such as cloud storage, social media applications or any other online account or service.

You will allow the Probation Office to use detection tools to discover the existence of wireless Internet signals or devices at your residence.

You shall notify all parties who reside in your residence of these conditions.

You shall submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

You shall submit to polygraph testing to determine if you are in compliance with the conditions of supervision and/or treatment program. The U.S. Probation Office shall administratively supervise your participation in the program by approving the program and monitoring your participation in the program. You shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services."

You shall not have another individual access the internet on your behalf to obtain files or information that you are restricted from accessing yourself, or accepting files or information from another person.

You are prohibited from possessing or using alcoholic beverages while enrolled in treatment such as mental health, sex offender or substance abuse treatment.

You shall consent to third-party disclosure to any employer or potential employer, concerning the history, characteristics, criminal background or any computer related restrictions that have been imposed.

You shall not possess or have under your control any matter that is pornographic/erotic; or that describes sexually explicit conduct, violence towards children or "child pornography," as defined in 18 U.S.C. §2256(2) and (8), including photographs, images, books, writings, drawings, videos, and electronic material.

You shall notify the Financial Litigation Unit (FLU) of the U.S. Attorney's Office of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of the plea agreement until the restitution is paid in full.

AO 245B   Judgment in a Criminal Case
(Rev.      Sheet 5 — Criminal Monetary Penalties

CASE NUMBER:          7:20-CR-00033-WLS-TQL(1)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $200.00 | $625.000.00 | $.00 | $.00 | $ |

☐  The determination of restitution is deferred until _____   An *Amended Judgment in a Criminal Case (AO245C)* will be
    entered after such determination.

☒  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in
    the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid
    before the United States is paid.

☒  Restitution amount ordered pursuant to plea agreement $

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before
    the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be
    subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒  the interest requirement is waived for the       ☐  fine       ☒  restitution

    ☐  the interest requirement for the       ☐  fine       ☐  restitution is modified as follows:

 *   Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub.L. No. 115-299.
 **  Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
 *** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September
     13, 1994, but before April 23, 1996.

AO 245B    Judgment in a Criminal Case
(Rev. 12/19) Sheet 6 — Schedule of Payments

Judgment — Page ___7___ of ___8___

DEFENDANT:        JAYSON E WRIGHT
CASE NUMBER:      7:20-CR-00033-WLS-TQL(1)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☐   Lump sum payment of $ _____ due immediately, balance due

    ☐   not later than _____ , or
    ☐   in accordance with ☐ C, ☐ D ☐ E, or ☐ F below; or

B   ☒   Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☒   Special instructions regarding the payment of criminal monetary penalties:

Any criminal monetary penalty ordered by the court shall be due and payable in full immediately. Present and future Assets are subject to
enforcement and may be included in the treasury offset program allowing qualified federal benefits to be applied to the balance of criminal
monetary penalties.

Payment during the term of supervised release will commence within 60 days after release from imprisonment. The court will set the payment
plan based on an assessment of the defendant's ability to pay at that time. (fine/restitution) payment shall be due during the period of
imprisonment at the rate of not less than $25 per quarter and pursuant to the bureau of prisons' financial responsibility program. The value of
any future assets may be applied to offset the balance of criminal monetary penalties. The defendant may be included in the treasury offset
program, allowing qualified benefits to be applied to offset the balance of any criminal monetary penalties.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment,
(5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of
prosecution and court costs.

SEALED EXHIBIT -
July 5, 2022 Statement of Reasons (R95)

July 8, 2022 Amended Judgment (R98)

AO 245C   Amended Judgment in a Criminal Case
(Rev. 12/19)   Sheet 1

(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
Middle District of Georgia

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| JAYSON E WRIGHT | Case Number:   7:20-CR-00033-WLS-TQL(1) |
| | USM Number:   08072-509 |

**Date of Original Judgment:**   **7/5/2022**
*(Or Date of Last Amended Judgment)*

TIMOTHY R SAVIELLO
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1 and 4

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18:2251(b) and (e) and 18:2 - Production of Child Pornography | 03/11/2011* | 1 |
| 18:2251(a) and (e) - Production of Child Pornography | 06/05/2018* | 4 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s)   2 & 3, 5 & 6   ☐ is  ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 29, 2022
Date of Imposition of Judgment

Signature of Judge

W. LOUIS SANDS
SENIOR UNITED STATES DISTRICT JUDGE
Name and Title of Judge

7/7/22

AO 245C     Amended Judgment in Criminal Case                                    (NOTE: Identify Changes with an Asterisks (*))
(Rev. 12/19)  Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___8___

DEFENDANT:          JAYSON E WRIGHT
CASE NUMBER:        7:20-CR-00033-WLS-TQL(1)

## IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of: Three Hundred Sixty (360) months as to count 1; Three Hundred Sixty (360) months as to count 4 to run consecutive for
a total of 720 months imprisonment.*

☐    The court makes the following recommendations to the Bureau of Prisons:

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

      ☐  at _____ ☐ a.m.  ☐ p.m.  on _____ .

      ☐  as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

      ☐  before 2 p.m. on _____ .

      ☐  as notified by the United States Marshal.

      ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

    Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C     Amended Judgment in a Criminal Case                                          (NOTE: Identify Changes with an Asterisks (*))
(Rev. 12/19) Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___8___

DEFENDANT:          JAYSON E WRIGHT
CASE NUMBER:        7:20-CR-00033-WLS-TQL(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  LIFE.

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

# MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.

2.    You must not unlawfully possess a controlled substance.

3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4. ☒   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5. ☒   You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6. ☒   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7. ☐   You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C   Amended Judgment in a Criminal Case
(Rev. 12/19)   Sheet 3A — Supervised Release

(NOTE: Identify Changes with an Asterisks (*))

| | Judgment—Page | 4 | of | 8 |

DEFENDANT:   JAYSON E WRIGHT
CASE NUMBER:   7:20-CR-00033-WLS-TQL(1)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. Upon notification to the Court and upon the Court's direction, the probation officer may require you to notify a person or organization of a risk you may pose, and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____
USPO Officer's Signature _____   Date _____

AO 245C       Amended Judgment in a Criminal Case                                    (NOTE: Identify Changes with an Asterisks (*))
(Rev. 12/19)   Sheet 3D — Supervised Release

| | Judgment—Page | 5 | of | 8 |

DEFENDANT:        JAYSON E WRIGHT
CASE NUMBER:      7:20-CR-00033-WLS-TQL(1)

## SPECIAL CONDITIONS OF SUPERVISION

You shall participate in an approved sex offender treatment program. The U.S Probation Office shall administratively supervise your participation in the program by approving the program and monitoring your participation in the program. For contracted providers, you shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved 'U.S. Probation Office' Sliding Scale for Service,' and shall cooperate in securing any applicable third-part payment, such as insurance or Medicaid. You are responsible for paying all cost associated with any non-contracted treatment providers approved by the probation office.

You shall not associate with or have contact with persons under the age of 18, except in the presence of a responsible adult who is aware of the nature of your background and current offense, and who has been approved in advance by the probation officer. Contact includes any direct correspondence, telephone, internet or other electronic communication, or by using third parties

You shall not have contact with the victim (list name if appropriate) (and/or family members named if appropriate) by any means, including in person, by mail, email, telephone, text messaging, or other electronic means, or via third parties. If any contact occurs, you shall immediately leave the area of contact and report the contact to the probation officer.

You are prohibited from access to any computer or any other public or private computer network at any location. This includes but is not limited to computers or devices located in private homes, libraries, schools, cyber cafes or other public or private locations.

You shall not use or own any device which allows Internet access. This includes but is not limited to PDAs, electronic games, Internet appliances and cellular devices. An exception may be made for employment or education with the approval of the Probation Office.

You shall provide the Probation Office with truthful and complete information regarding all computer hardware, software, Internet providers, cellular devices and storage media to which you have access, whether at home, work, or other locations.

You shall also provide all passwords used on your computer, cellular devices and online accounts.

You are only authorized to use cellular devices that do not have Internet access and are approved by the Probation Office.

You shall submit your cellular devices for inspection and review by the Probation Office.

You shall not own or possess any type of camera, photographic device or video producing device without the approval of the Probation Office.

You shall provide financial information to the Probation Office upon request.

You shall not possess or use any form of removable media or data storage.

Judgment—Page    6    of    8

DEFENDANT:        JAYSON E. WRIGHT
CASE NUMBER:      7:20-CR-00033-WLS-TQL(1)

Should you be found in violation of these conditions through possession of any form of digital evidence, you shall submit that evidence for inspection and review by the Probation Office. If directed, you shall relinquish possession of said items to the Probation Office. The review may include data you have stored on remote servers, such as cloud storage, social media applications or any other online account or service.

You will allow the Probation Office to use detection tools to discover the existence of wireless Internet signals or devices at your residence.

You shall notify all parties who reside in your residence of these conditions.

You shall submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

You shall submit to polygraph testing to determine if you are in compliance with the conditions of supervision and/or treatment program. The U.S. Probation Office shall administratively supervise your participation in the program by approving the program and monitoring your participation in the program. You shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services."

You shall not have another individual access the internet on your behalf to obtain files or information that you are restricted from accessing yourself, or accepting files or information from another person.

You are prohibited from possessing or using alcoholic beverages while enrolled in treatment such as mental health, sex offender or substance abuse treatment.

You shall consent to third-party disclosure to any employer or potential employer, concerning the history, characteristics, criminal background or any computer related restrictions that have been imposed.

You shall not possess or have under your control any matter that is pornographic/erotic; or that describes sexually explicit conduct, violence towards children or "child pornography," as defined in 18 U.S.C. §2256(2) and (8), including photographs, images, books, writings, drawings, videos, and electronic material.

You shall notify the Financial Litigation Unit (FLU) of the U.S. Attorney's Office of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of the plea agreement until the restitution is paid in full.

AO 245C   Amended Judgment in a Criminal Case
(Rev. 12/19)   Sheet 5 — Criminal Monetary Penalties

(NOTE: Identify Changes with an Asterisks (*))

Judgment — Page ___7___ of ___8___

DEFENDANT:          JAYSON E WRIGHT
CASE NUMBER:        7:20-CR-00033-WLS-TQL(1)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $200.00 | $625,000.00 | $.00 | $.00 | $ |

☐ The determination of restitution is deferred until _____ An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    \*Victim #1:   $ 400,000.00
    Victim #2-4: $  75,000.00 each
    Total:    $ 625,000.00

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☒ the interest requirement is waived for the    ☐ fine    ☒ restitution
    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub.L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C   Amended Judgment in a Criminal Case   (NOTE: Identify Changes with an Asterisks (*))
(Rev. 12/19) Sheet 6 - Schedule of Payments

Judgment — Page    8    of    8

DEFENDANT:     JAYSON E WRIGHT
CASE NUMBER:    7:20-CR-00033-WLS-TQL(1)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance with ☐ C, ☐ D ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

Any criminal monetary penalty ordered by the court shall be due and payable in full immediately. Present and future assets are subject to enforcement and may be included in the treasury offset program allowing qualified federal benefits to be applied to the balance of criminal monetary penalties.

Payment during the term of supervised release will commence within 60 days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time. (fine/restitution) payment shall be due during the period of imprisonment at the rate of not less than $25 per quarter and pursuant to the bureau of prisons' financial responsibility program. The value of any future assets may be applied to offset the balance of criminal monetary penalties. The defendant may be included in the treasury offset program, allowing qualified benefits to be applied to offset the balance of any criminal monetary penalties.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number),* Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

SEALED EXHIBIT -
July 8, 2022 Reason for Amended Judgment (R99)

Transcript of the October 28, 2021 Change of Plea hearing
(R110)

```
 1              IN THE UNITED STATES DISTRICT COURT

 2             FOR THE MIDDLE DISTRICT OF GEORGIA

 3                      VALDOSTA DIVISION

 4                 _____

 5

 6   THE UNITED STATES OF AMERICA :
                                  : Case No. 7:20:CR-33-1(WLS)
 7   v.                           :
                                  :        October 28, 2021
 8                                :        Albany, Georgia
     JAYSON E. WRIGHT,            :
 9                 DEFENDANT.  :
     _____
10

11                  CHANGE OF PLEA HEARING

12          BEFORE THE HONORABLE W. LOUIS SANDS
            UNITED STATES DISTRICT JUDGE, PRESIDING
13
     APPEARANCES:
14
     FOR THE GOVERNMENT:       ALEX KALIM
15                             U.S. ATTORNEY'S OFFICE
                               P.O. BOX 1702
16                             MACON, GA 31202

17   FOR THE DEFENDANT:        TIMOTHY R. SAVIELLO
                               FEDERAL DEFENDERS OFFICE
18                             440 MLK JR BLVD STE 400
                               MACON, GA 31201
19

20

21

22
     _____
23
                      SALLY L. GRAY, USCR
24                     P.O. BOX 70861
                      ALBANY, GA 31708
25
                     (478-787-3905)
```

```
 1                   P R O C E E D I N G S
 2    October 28, 2021                        2:07 p.m.
 3            THE COURT:  Good afternoon.
 4            MS. MCEWEN:  Good afternoon, Your Honor.
 5            MR. KALIM:  Good afternoon.
 6            THE COURT:  All right, we have Case Number
 7    7:20-CR-33-WLS, and that's United States versus Jayson
 8    E. Wright represented by Mr. Saviello and Mr. Kalim is
 9    representing the government; is that right?
10            MR. KALIM:  That's correct, Your Honor.
11            THE COURT:  Are you all ready to proceed?
12            MR. SAVIELLO:  We are, Your Honor.
13            THE COURT:  All right, Mr. Saviello, for
14    what purpose does the defendant appear?
15            MR. SAVIELLO:  Your Honor, we're here to
16    enter a negotiated plea to Counts 1 and 4 of the
17    indictment.
18            THE COURT:  All right, and that involves a
19    plea agreement?
20            MR. SAVIELLO:  Yes, it does.
21            THE COURT:  All right.  Mr. District
22    Attorney, would you summarize the agreement and state
23    the offenses to which the defendant intends to plead
24    and the maximum possible penalties.
25            MR. KALIM:  Yes, Your Honor.  The agreement
```

1    contemplates that the defendant will change his plea to

2    Counts 1 and 4 of indictment.  Both counts charge

3    production of child pornography, and that offense is a

4    violation of Title 18, United States Code, Sections

5    2251(a)(b), and (e), as well as Title 18, United States

6    Code, Section Two.  Each count carries a maximum

7    sentence of 30 years imprisonment and a minimum

8    mandatory sentence of 15 years imprisonment.  Each

9    count also carries a maximum fine of $250,000, a period

10   of supervised release of at least five years and up to

11   life supervision.

12          For both counts there's an assessment fee of

13   $5,000 per count under Title 18, United States Code

14   3014, a second assessment pursuant to Title 18, United

15   States Code 2259(a) per count, registration as a sex

16   offender under the Sex Offender Registration and

17   Notification Act, as well as mandatory restitution

18   under Title 18, United States Code 2259 as determined

19   by the Court with any such restitution to include the

20   total offense conduct.

21          The agreement also contemplates that the

22   government will not be filing any sentence enhancements

23   that could have been applicable to increase the

24   mandatory minimum sentence and that the government will

25   recommend the third point for acceptance of

1    responsibility by entering a timely plea.

2              Finally, the agreement contains a limited

3    waiver of the defendant's right to appeal.

4         **THE COURT:**  All right.  Does that appear to

5    you, Mr. Saviello to be a fair summarization of the

6    agreement?

7         **MR. SAVIELLO:**  It does.

8         **THE COURT:**  All right.  And at this time,

9    Mr. Wright, if you would stand and raise your right

10   hand.

11        **COURTROOM DEPUTY:**  Do you solemnly swear or

12   affirm that the answers you will give to the questions

13   propounded by the Court will be the truth, the whole

14   truth, and nothing but the truth?

15        **THE DEFENDANT:**  Yes, Your Honor.

16        **THE COURT:**  All right, you may seated and

17   you all can remain seated during this hearing but make

18   sure the microphones are pulled close to you so you can

19   be heard.

20             Mr. Wright, your attorney has indicated that

21   you intend to change your former plea of not guilty to

22   one of guilty to Counts 1 and 4 of the pending

23   indictment.  Now -- and that's pursuant to a plea

24   agreement with the government.  Now, before the Court

25   can allow you to do so, it must first determine that

1    you understand the charges pending against you, that

2    you understand your right to continue to plead not

3    guilty to all of the charges in the indictment, what

4    that means and the possible consequences, or you may

5    change your plea to one of guilty as has been

6    contemplated to Counts 1 and 4, what that means and the

7    possible consequences, and the Court has to determine

8    whether it is in fact your intent to change your plea

9    to one of guilty.

10           In order to make those determinations the

11   Court will ask questions in this proceeding.  You are

12   under oath therefore you must answer all the Court's

13   questions fully and truthfully.  If you were to make an

14   intentionally false statement to the Court as a part of

15   this proceeding that statement could be used against

16   you for additional and further prosecution beyond the

17   charges now pending.  For example, you could be

18   prosecuted for false swearing, making a false

19   statement, or for perjury.  Do you understand that?

20           **THE DEFENDANT:**  Yes, sir.

21           **THE COURT:**  All right.  With that being

22   stated, would you state your full name for the record?

23           **THE DEFENDANT:**  Jayson Edward Wright.

24           **THE COURT:**  And, Mr. Wright, where were you

25   born?

```
 1                 THE DEFENDANT:  Massachusetts.

 2                 THE COURT:  Okay.  And what is your age at

 3      this time?

 4                 THE DEFENDANT:  35.

 5                 THE COURT:  35.  And what was the highest

 6      education that you received?

 7                 THE DEFENDANT:  One or two years of college.

 8                 THE COURT:  Okay.  Then do you read and

 9      write and understand the English language?

10                 THE DEFENDANT:  Yes, sir.

11                 THE COURT:  Do you believe you understand

12      the nature of this proceeding as I've explained it to

13      you?

14                 THE DEFENDANT:  Yes, sir.

15                 THE COURT:  Are you at this time under the

16      influence of any intoxicants, liquor, or drugs?

17                 THE DEFENDANT:  No, sir.

18                 THE COURT:  And to your knowledge are you

19      suffering from any type of mental disease or defect?

20                 THE DEFENDANT:  No, sir.

21                 THE COURT:  Have you in the past been

22      treated for any type of condition such as addictions to

23      alcohol or drugs or for any type of mental condition?

24                 THE DEFENDANT:  No, sir.

25                 THE COURT:  Now, do you know of any -- I'm
```

1    sorry, did someone say something?

2         **MR. KALIM:**  No, sir.

3         **THE COURT:**  All right.  Is there anything

4    that you know of that I have not asked you about that

5    you think may make it difficult for you to understand

6    the Court's questions or to answer them?

7         **THE DEFENDANT:**  No, sir.

8         **THE COURT:**  Does either counsel -- is either

9    counsel aware of anything that might affect the

10   defendant's competency to proceed in this proceeding?

11        **MR. SAVIELLO:**  Not from the defense, Your

12   Honor.

13        **MR. KALIM:**  No, Your Honor.

14        **THE COURT:**  All right.  And based on the

15   responses from the defendant the Court finds the

16   defendant competent to proceed in this proceeding.

17        Now, first of all, Mr. Wright, did you

18   receive a copy of the indictment in this case?

19        **THE DEFENDANT:**  Yes, sir.

20        **THE COURT:**  And did Mr. Saviello, your

21   attorney, explain the charges to you?

22        **THE DEFENDANT:**  Yes, sir.

23        **THE COURT:**  Did he explain to you your legal

24   and constitutional rights?

25        **THE DEFENDANT:**  Yes, sir.

1          **THE COURT:**  Are you fully satisfied with his

2     representation of you up to this point in the case?

3          **THE DEFENDANT:**  Yes, sir.

4          **THE COURT:**  Now, there has been summarized

5     to the Court an agreement between you and the

6     government.  Is that agreement available or a copy of

7     it?

8          **MR. SAVIELLO:**  It is, Your Honor.

9          **THE COURT:**  All right.  Would you place it

10    before the defendant?

11         **MR. SAVIELLO:**  Yes.

12         **THE COURT:**  Mr. Wright, would you look at

13    that document and tell me whether that is the plea

14    agreement that you entered into with the government and

15    whether it has your signature and initials in the

16    appropriate places.

17         **THE DEFENDANT:**  Yes, sir.

18         **THE COURT:**  Yes, it does?

19         **THE DEFENDANT:**  Yes, sir.

20         **THE COURT:**  And you have signed it?

21         **THE DEFENDANT:**  Yes, sir.

22         **THE COURT:**  All right.  Now, prior to this

23    hearing did you have adequate opportunity to read,

24    review, and fully discuss that agreement with your

25    attorney?

1           **THE DEFENDANT:**  Yes, sir.

2           **THE COURT:**  Do you believe you fully

3    understand all the terms of the agreement?

4           **THE DEFENDANT:**  Yes, sir.

5           **THE COURT:**  Now, as to the agreement there

6    may be certain recommendations that may be made as a

7    part of it.  However, if you plead guilty to the

8    charges as indicated or if you were found guilty at

9    trial it would be for the Court to decide the sentence

10   notwithstanding any recommendations that might be made.

11   The Court does not have to follow any particular

12   recommendation and if the Court did not follow a

13   particular recommendation and you pleaded guilty you

14   would not be able to withdraw your plea of guilty

15   because the Court did not follow a particular

16   recommendation.  Do you understand that?

17          **THE DEFENDANT:**  I understand, Your Honor.

18          **THE COURT:**  Has anyone forced you or coerced

19   you or threatened you in any way to get you to enter

20   into this agreement?

21          **THE DEFENDANT:**  No, sir.

22          **THE COURT:**  Do you understand this to be

23   entire or full agreement between you and the

24   government?

25          **THE DEFENDANT:**  Yes, sir.

1          **THE COURT:**  In other words, has anyone made

2     any other assurance or promise to you to get you to

3     enter into this agreement that's not been stated today

4     on the record to the Court or that's not included in

5     the written agreement?

6          **THE DEFENDANT:**  No, sir.

7          **THE COURT:**  All right.  Do you have any

8     question at all about what the agreement means?

9          **THE DEFENDANT:**  No, sir.

10         **THE COURT:**  All right.  Have counsel also

11    signed the agreement?

12         **MR. SAVIELLO:**  Yes, Your Honor.

13         **MR. KALIM:**  Yes, Your Honor.

14         **THE COURT:**  Then it may be filed for the

15    record.  Now, you have stated to me, Mr. Wright, that

16    your attorney explained the charges to you and I'm sure

17    he has but I'm going to review them again with you what

18    the charges are as to Counts 1 and 4 and will also

19    explain to you what the government would have to prove

20    beyond a reasonable doubt before you could be found

21    guilty of either or both of these offenses in Counts 1

22    and 4.  Now, you can read along with the Court if you

23    have a copy of the indictment or you can just simply

24    listen closely as I read it aloud.

25              It says:  The Grand Jury charges, Count 1,

1    Production of Child Pornography, 18 United States Code,

2    Sections 2551(b) and (e).  It says that:  On or about

3    March 11, 2018 in the Valdosta Division of the Middle

4    District of Georgia and the Defendants Jayson E. Wright

5    and Kara E. Wright each being the parent of Minor

6    Victim Number One, a minor whose identity is known to

7    the Grand Jury knowingly permitted Minor Victim Number

8    One to engage in sexually explicit conduct for the

9    purpose of producing a visual depiction of such conduct

10   which visual depiction was produced using materials

11   that had been mailed, shipped, and transported in

12   interstate or foreign commerce by any means, including

13   by computer, all in violation of Title 18, United

14   States Code, Sections 2251(b) and (e) and Title 18

15   United States Code, Section Two.

16           Count 4 reads as follows.  Production of

17   Child Pornography, 18 United States Code Sections

18   2251(a) and (e); that on or about June 5, 2018 in the

19   Valdosta Division of Middle District of Georgia the

20   Defendant Jayson E. Wright did employ, use, induce,

21   entice, and coerce and attempt to employ, use, induce

22   entice and coerce Minor Victim Number Two, a minor

23   whose is identity is known to the Grand Jury to engage

24   in sexually explicit conduct for the purpose of

25   producing visual depictions of such conduct which

1    visual depictions were produced using material that had

2    been mailed, shipped, and transported in interstate or

3    foreign commerce by any means including by computer,

4    all in violation of Title 18 United States Code,

5    Sections 2251(a) and (e).

6         Now, I remind you of course that each of

7    these offenses or each count carries a minimum

8    mandatory sentence of 15 years.  That means the minimum

9    sentence that you could receive for each count of this

10   indictment would be 15 years in imprisonment.  Do you

11   understand that?

12        **THE DEFENDANT:**  Yes, Your Honor.

13        **THE COURT:**  And each would carry up to

14   maximum of 30 years imprisonment.

15        **THE DEFENDANT:**  Yes, Your Honor.

16        **THE COURT:**  And also, of course, that could

17   be both -- each could also carry a maximum fine of

18   $250,000 and it could be the minimum mandatory of

19   15 years and $250,000 each count or a maximum of

20   30 years and $250,000 per count.  Do you understand

21   that?

22        **THE DEFENDANT:**  Yes, sir.

23        **THE COURT:**  Now, also each count would carry

24   a -- would require you to pay a $100 mandatory

25   assessment fee payment and each could be followed by a

1   period of supervised release of from at least five

2   years up to lifetime supervised release as to each

3   count.  Do you understand that?

4           **THE DEFENDANT:**  Yes Your Honor.

5           **THE COURT:**  Now, also this, as was mentioned

6   by the United States attorney in his summarization a

7   conviction of either or both of these counts could also

8   subject you to other assessments or restitution

9   depending on the specific conduct or facts or statuses

10  that might be involved in these two counts.  For

11  example, of course, there's an assessment of $5,000 per

12  count that's permissible under 18 United States Code

13  Section 314, and I believe that is effectively a

14  mandatory assessment.  And there also could be an

15  assessment under 18 United States Code Section 2259(a)

16  that would require that restitution be made mandatory

17  and as to each count.  And there is at least one

18  provision under that same assessment that would -- if

19  the conditions are appropriate would be required not

20  less than $30,000 -- I'm sorry, not less than $3,000 in

21  mandatory restitution per victim as required under

22  Title 18, United States Code Section 2259.

23          Now, these are fairly wordy in all the

24  various possible coverages and I don't think I need to

25  go to all of them that way but just to say to you, of

1    course, depending on the particular circumstances the

2    conduct, your status or the status of the alleged

3    victim in the case that could bring into play these

4    restitution requirements and other fees that could be

5    also imposed upon a conviction or plea of guilty to

6    Counts 1 and 4.  Do you understand that?

7              **THE DEFENDANT:**  Yes, Your Honor.

8              **THE COURT:**  Does either counsel believe

9    there is any more particularity the Court could give?

10   I think specifically as to some of the enhancements

11   they particularly include the allegations of 2251(a)

12   through (c) and you are charged I believe under (a) in

13   one count and under (b) in the other count.  Does

14   counsel agree with that?

15             **MR. SAVIELLO:**  Yes, Your Honor.

16             **THE COURT:**  All right.

17             **MR. KALIM:**  Yes, Your Honor.

18             **THE COURT:**  And those, of course, what I'm

19   speaking of, those are additional penalties or fees or

20   monies that might be required to be paid in addition to

21   the punishment in terms of imprisonment fines, or --

22   and required mandatory assessment fees and supervised

23   release.  Do you understand?

24             **THE DEFENDANT:**  Yes, Your Honor.

25             **THE COURT:**  All right.  Now, as to each of

1    these charges I'm going to first review what the --

2    what's charged in each count and what the government

3    would have to prove.  I think it helps maybe to look at

4    each of these statutes overall first and then we'll

5    come back to the particular allegations of the

6    particular charge in each count.

7            Now, in Count 1 where you are charged with

8    violation of Title 18, United States Code Section

9    2251(b) and also and Title 18, United States Code

10   Section Two, as to 2251(b) it's a crime against the

11   United States if any parent, legal guardian, or person

12   having custody or control of a minor who knowingly

13   permits such minor to engage in or to assist any other

14   person to engage in sexually explicit conduct for the

15   purpose of producing any visual depiction of such

16   conduct or for the purpose of transmitting a live

17   visual depiction of such conduct is guilty of a crime

18   against the United States if such parent, legal

19   guardian, or person knows or has reason to know that

20   such visual depictions would be transported or

21   transmitted using any means or facility of interstate

22   or foreign commerce or in or affecting interstate or

23   foreign commerce or mailed if that visual depiction was

24   produced or transmitted using materials that have been

25   mailed, shipped, or transported in or affecting

1    interstate or foreign commerce by any means including

2    by computer, or if such visual depictions or depiction

3    has actually been transported or transmitted using any

4    means or facility of interstate or foreign commerce or

5    in affecting interstate or foreign commerce or mailed.

6              Now, that's that particular version of the

7    law that's alleged in Count 1.  In addition to Count 1,

8    to that Section 2251, there's also an allegation of a

9    violation of 18 United States Code Section Two.  Now,

10   that statute makes it so that anybody who actually

11   commits a crime against the United States is considered

12   what is called a principal, anybody who aids, abets,

13   procures, counsels, or in any way assists someone else

14   in committing what is a crime against the United States

15   that person is also a principal.  So what that really

16   means is that people who may not commit all of a crime

17   or all the elements of a crime themselves but if they

18   engage someone else or assist someone else in some

19   knowingly and intentionally to commit the crime then

20   the acts of both or however many number are involved

21   together can result in each of them being fully

22   responsible for the offense and prosecutable and

23   punishable for the offense.  Do you understand?

24              **THE DEFENDANT:**  Yes, Your Honor.

25              **THE COURT:**  And that's why in fact you --

1      that's the point of your being charged in Count 1 with

2      your Co-Defendant Kara Wright.  It says you all acted

3      together in some fashion as covered under Title Two as

4      I explained generally to you just now.

5              Now, Count 4 which alleges a violation of 18

6      United States Code, Section 2251.  You alone are

7      charged in that count and that makes it a crime against

8      the United States for any person who employs, uses,

9      persuades, induces, entices or coerces any minor to

10     engage in or who has a minor assist any other person to

11     engage in or who transports a minor in or affecting

12     interstate or foreign commerce or in any territory of

13     the United States or possession of the United States

14     with the intent that such minor engage in any sexually

15     explicit conduct for the purpose of producing any

16     visual depiction of such conduct or for purposes of

17     transmitting a live visual depiction of such conduct,

18     again, would be guilty of a crime against the United

19     States or commits a crime against the United States if

20     such person knows or has reason to know that such

21     visual depiction will transported or transmitted using

22     any means or facility of interstate or foreign commerce

23     or in or affecting interstate or foreign commerce or

24     mailed if that visual depiction was produced or

25     transmitted using materials that have been mailed,

1    shipped, or transported in or affecting interstate or

2    foreign commerce by any means including by computer or

3    by -- or if such visual depiction has actually been

4    transported or transmitted using any means or facility

5    of interstate or foreign commerce or in or affecting

6    interstate or foreign commerce or mailed.

7              Now, that section (a) of the Section 2251

8    that's charged in Count 4, and the -- and I earlier

9    told you what the crime is and what's included in it

10   under Count 1 which is charged as a violation of

11   2251(b).

12             Now, with that long review of what the --

13   what each of those provisions of the statute, of the

14   criminal statute involve, I'll go back to the

15   indictment, and I think it will make more sense as I

16   point out to you what it is that would have to be

17   proved beyond a reasonable doubt and how that falls in

18   those statutes that I have broadly stated to you just

19   now.

20             First of all, as to Count 1, and really as

21   to Count 4, apply the same, the government would have

22   to prove beyond a reasonable doubt that the offenses

23   alleged happened or occurred at and about the time

24   that's alleged in the indictment.

25             Now, in Count 1 it's alleged it was on or

1    about March 11, 2018, and in Count 4 it alleges it

2    occurred on or about June 5, 2018.

3              Now, as to each of those dates the

4    government does not have to prove that the offenses

5    occurred on exactly those dates.  But if they proved

6    beyond a reasonable doubt that it occurred on a date

7    near or about the time alleged specifically in the

8    indictment, the date specifically referenced in the

9    indictment, then that would be sufficient under the

10   law.  Do you understand that, Mr. Wright?

11             **THE DEFENDANT:**  Yes, Your Honor.

12             **THE COURT:**  All right.  Now, it further

13   alleges as to each of those counts that it occurred in

14   the Valdosta Division of the Middle District of

15   Georgia.  As to each of Counts 1 and 4, Mr. District

16   Attorney, where is it alleged that the offenses

17   occurred?

18             **MR. KALIM:**  Yes, Your Honor.  The offenses

19   are alleged to have occurred in Valdosta which is

20   situated in Lowndes County in the Middle District of

21   Georgia.

22             **THE COURT:**  All right.  As to each of those

23   counts, Mr. Saviello, do you agree that Lowndes County

24   is within the -- Lowndes County, Georgia is within the

25   Court's jurisdiction?

1            **MR. SAVIELLO:**  Yes.

2            **THE COURT:**  What that means as to each

3    count, Mr. Wright, for the purpose of this case is that

4    the government would have to prove as to each count

5    that there was some conduct or act that was committed

6    by you beyond a reasonable doubt in Lowndes County,

7    Georgia as a part of the offense, offenses as alleged

8    in the indictment in Counts 1 and 4, either done by

9    you, as I said, directly, your conduct or an act by

10   you, or done by someone else acting together with you

11   knowingly and intentionally to bring about the offense

12   as alleged, and that would particularly -- that's where

13   Count 1 when it says Section Two and names a

14   co-defendant, so that means, of course, in that

15   situation that's the person that's identified that

16   there could be proof that some act was done by that

17   individual in Lowndes County, Georgia.

18            Now, the person does not have to be

19   identified in the indictment.  It may be that that's

20   the situation for Count 1.  But that's not necessary,

21   but that if that was proved that would be sufficient to

22   show that the case could properly be in this court.

23            Now, not everything about it has to have

24   occurred in Lowndes County, Georgia or in Georgia or in

25   the United States so long as some conduct or act as I

1   described earlier is proved to have occurred in Lowndes

2   County, Georgia beyond a reasonable doubt.  Do you

3   understand that?

4           THE DEFENDANT:  Yes, Your Honor.

5           THE COURT:  Now, that would apply to both

6   Counts 1 and 2.  So I wouldn't have to separate those.

7   But coming back specifically to Count 1, it alleges

8   that you as the defendant and Kara E. Wright, that you

9   each being, that means at the time, were parents of

10  minor victim number one.  So the government would have

11  to prove in Count 1 that you were in fact a parent of

12  the person minor victim number one, who is not named

13  but, of course, the indictment says that person is

14  known to the grand jury, and I would assume that

15  person's identities have been made known to you; is

16  that correct?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  All right.  And, of course, that

19  would be the person that they would have to prove that

20  you were at that time the parent of beyond a reasonable

21  doubt.  Do you understand?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE COURT:  And further it alleges of course

24  that you did certain things and specifically that you

25  did it knowingly, and by knowingly it means that the

1    government would have to prove beyond a reasonable

2    doubt that the things they allege you did here were

3    done with knowledge and understanding and not because

4    of mistake or accident or some innocent reason.  Do you

5    understand that?

6             **THE DEFENDANT:**  Yes, Your Honor.

7             **THE COURT:**  All right.  And what they allege

8    that you did knowingly was that you permitted minor

9    victim number one to engage in sexual explicit conduct.

10   Now, they would have to prove that beyond a reasonable

11   doubt, that you permitted victim number one to do, and

12   of course by sexually explicit conduct that means open

13   to exposure, directly observable, not concealed in some

14   fashion.  Do you understand that?

15            **THE DEFENDANT:**  Yes, sir.

16            **THE COURT:**  All right.  And they further

17   allege that that was done or was permitted for the

18   purpose of producing a visual depiction of such

19   conduct.  And they would have to prove that also beyond

20   a reasonable doubt that that was -- that was its

21   purpose to produce a visual depiction of that -- of the

22   conduct, the sexually explicit conduct that was

23   allegedly engaged in.  Do you understand that?

24            **THE DEFENDANT:**  Yes, Your Honor.

25            **THE COURT:**  All right.  And they further

1    would have to prove that that visual depiction was

2    produced using materials that had been mailed, shipped,

3    or transported in interstate or foreign commerce.  Now,

4    they name a number of ways that that material may have

5    been moved that was used but they only have to prove

6    one of them.  They say mailed, shipped, and transported

7    but they only have to prove one of those although they

8    could prove more than one or all three but so long as

9    they proved one of those, that is, that it was mailed,

10   the materials used had been mailed, shipped, the usual

11   meaning of the word shipped, or transported, the usual

12   meaning of transporting something, one of those proved

13   beyond a reasonable doubt would be sufficient.  Do you

14   understand that?

15            **THE DEFENDANT:**  Yes, Your Honor.

16            **THE COURT:**  And, of course, the mailing,

17   shipping, or transporting would have to have been in

18   interstate or foreign commerce.  Now, they don't have

19   to prove that it was both interstate commerce and

20   foreign commerce.  They only need prove that it was

21   done either through interstate or foreign commerce

22   although both could be proved.  Now, interstate

23   commerce means that movement between someplace in

24   Georgia and another state of the United States or

25   territory and by foreign commerce it means from

1   someplace in Georgia to some other country other than

2   the United States.  Do you understand that?

3            THE DEFENDANT:  Yes, Your Honor.

4            THE COURT:  All right.  And, of course, they

5   say that mailing, shipping, transportation, interstate

6   or foreign commerce done by any means and that

7   specifically includes by computer.  Do you understand

8   that?

9            THE DEFENDANT:  Yes, Your Honor.

10            THE COURT:  All right.  Now, those are the

11   things that the government would have to prove beyond a

12   reasonable doubt.  Essentially they would have to prove

13   the facts of this case, that this was done in the way

14   that they allege it was done or one of the ways they

15   allege it was done in the indictment.  Do you

16   understand that?

17            THE DEFENDANT:  Yes, Your Honor.

18            THE COURT:  Do you have any question at all

19   about what this charge means or what the government

20   would have to prove?

21            THE DEFENDANT:  No, sir.

22            THE COURT:  All right.  Now, I do also want

23   to mention of course it refers to the victim as being a

24   minor, of course, as I said, they have to prove that

25   that was the person and they would have to prove also

1    that victim number one was in fact a minor at the time

2    that this allegedly occurred and that means under the

3    age of 18.  Do you understand?

4            **THE DEFENDANT:**  Yes, Your Honor.

5            **THE COURT:**  All right.  Now, Count 4 is an

6    allegation of production of child pornography.  And

7    I've already told you that the government need only

8    prove that this occurred beyond a reasonable doubt near

9    and about the time they specifically allege of June 4,

10   2018, and that some of the conduct or acts done by you

11   or someone acting together with you knowingly and

12   intentionally to bring about this offense occurred in

13   Lowndes County, Georgia and they allege here that you

14   as the defendant did certain things and they name a

15   number of them.  They say that you did employ, use,

16   induce, entice, and coerce, and attempt to employ, use,

17   induce, entice, and coerce minor number two.

18          Now, as before, similar to what I told you

19   before, now all to all of these things they allege you

20   did they don't have to prove all of them although they

21   allege all of them but if they prove any one or more of

22   them beyond a reasonable doubt that would be

23   sufficient, that is, that you employed, that you used,

24   that you induced, that you enticed or that you coerced,

25   either one proved beyond a reasonable doubt would be

1   sufficient.  Do you understand?

2         **THE DEFENDANT:**  Yes, Your Honor.

3         **THE COURT:**  Okay.  And further this is a

4   statute that also involves attempts to do any of those

5   things.  So in fact it would sufficient if they proved

6   that either of those things were attempted beyond a

7   reasonable doubt, that is, to employ, use, induce,

8   entice or coerce.  Do you understand?

9         **THE DEFENDANT:**  Yes, Your Honor.

10        **THE COURT:**  Of course, they would have to

11  prove that that thing or things done as they allege

12  here beyond a reasonable doubt was as to minor victim

13  number two and they indicate that that identity was

14  known to the grand jury, and, again, as I said about

15  Count 1, you have been informed as to who that is; is

16  that right?

17        **THE DEFENDANT:**  Yes, Your Honor.

18        **THE COURT:**  And, of course, again, as to

19  this person they would have to prove that that person

20  specifically was the person as they alleged and further

21  that that person was a minor and, that is, victim

22  number two, and the same definition at that time would

23  have been under the age of 18.  Do you understand?

24        **THE DEFENDANT:**  Yes, Your Honor.

25        **THE COURT:**  All right.  And as to those acts

1    or the attempted acts as I have explained it to you

2    specifically they said to engage in sexually explicit

3    conduct, and sexually explicit conduct as I mentioned

4    before, and I think that's pretty plain, I don't think

5    there's any special meaning of sexual conduct.  Does

6    counsel agree?

7              **MR. SAVIELLO:**  I agree, Your Honor.

8              **THE COURT:**  All right.  And again, but that

9    sexually explicit conduct the government would have to

10   prove beyond a reasonable doubt that it was for the

11   purpose of producing visual depictions of such conduct,

12   in other words, to make a depiction of it, whether it's

13   a picture or video or whatever that it might actually

14   involved.  And further they would have to prove that

15   those visual depictions were produced using material

16   that had been mailed, shipped, and transported in

17   interstate or foreign commerce.  And as I said to you

18   before, foreign commerce and interstate commerce means

19   the same thing that I explained to you before and as I

20   said before they would not have to prove that it was

21   both mailed, shipped, and transported although they

22   could do so, so long as they proved either that it was

23   mailed beyond a reasonable doubt, shipped beyond a

24   reasonable doubt, or transported beyond a reasonable

25   doubt that would be sufficient as to those modes or

1    those means.  Do you understand?

2         **THE DEFENDANT:**  Yes, Your Honor.

3         **THE COURT:**  And, again, that that occurred

4    either in interstate commerce beyond a reasonable doubt

5    or foreign commerce beyond a reasonable doubt but they

6    don't have to prove both.  They simply have to prove

7    one of them so long as it's proved beyond a reasonable

8    doubt.  Do you understand?

9         **THE DEFENDANT:**  Yes, Your Honor.

10        **THE COURT:**  Okay.  And that is, by any

11   means, and again, it specifically includes computer.

12   So the way the government is alleging this they are

13   noticing you and would have to prove beyond a

14   reasonable doubt that it was by computer that this was

15   either mailed, shipped, or transported in interstate or

16   foreign commerce.  Do you understand?

17        **THE DEFENDANT:**  Yes, Your Honor.

18        **THE COURT:**  All right.  Now, as to each of

19   these counts that I explained to you, first, as to

20   Count 1, do you believe you understand the charge as I

21   have explained it to you?

22        **THE DEFENDANT:**  Yes, Your Honor.

23        **THE COURT:**  Do you have any question at all

24   what the charge means or any other question about it

25   that you might have?

1        **THE DEFENDANT:**  No, sir.

2        **THE COURT:**  And likewise as to Count 4, do

3    you believe you understand what this charge means and

4    what the government would have to prove beyond a

5    reasonable doubt before you could be found guilty of

6    the offense?

7        **THE DEFENDANT:**  Yes, sir.

8        **THE COURT:**  Okay.  And do you have any

9    questions about anything that I have explained to you

10   in that regard or that you might otherwise have a

11   question about that I have not --

12       **THE DEFENDANT:**  No, sir.

13       **THE COURT:**  All right.  Now, as to both

14   Counts 1 and 4 you can continue to plead not guilty and

15   in that event you would have certain rights and the

16   case would proceed in a certain manner or you could

17   change your plea to guilty to Counts 1 and 4 as has

18   been indicated, in that event then your rights would be

19   different and the case would proceed differently.  And

20   I'm going to explain both to you, first, beginning with

21   your continuing to plead not guilty.

22           If you continue to plead not guilty, first

23   of all, you would have a right to be represented by an

24   attorney of your choice who would represent you in this

25   proceeding and at a trial because you have a right to a

1    trial by jury, and if you were found guilty at trial

2    and wished to appeal would assist you filing an appeal.

3    Do you understand that?

4             **THE DEFENDANT:**  Yes, Your Honor.

5             **THE COURT:**  Now, if you could not afford an

6    attorney to represent you of your choice but wanted an

7    attorney to represent you the Court would appoint an

8    attorney at no cost to you to represent you in the same

9    manner that I just described an attorney of choice

10   would represent you.  Do you understand?

11            **THE DEFENDANT:**  Yes, Your Honor.

12            **THE COURT:**  Now, at the trial you would be

13   presumed to be innocent.  That's what the jury would be

14   told, there would be no burden upon you to prove your

15   innocence, to present any defense, to testify, or to do

16   anything.  You could remain silent through the entire

17   trial and the jury would be told that's your right to

18   do so and they could not take that into account at all

19   in deciding whether you were guilty of either of these

20   offenses because as to both counts the burden would be

21   upon the government to prove your guilt beyond a

22   reasonable doubt and the jury would have to determine

23   their verdict based on the government's evidence.  Do

24   you understand that?

25            **THE DEFENDANT:**  Yes, Your Honor.

1          **THE COURT:**  Now, the government would go

2     about attempting to prove your guilt beyond a

3     reasonable doubt by presenting witnesses to testify

4     against you, you would have a right to see and to

5     confront each of the witnesses called to testify

6     against you, and through your lawyer you would have a

7     right to cross examine each of the witnesses called to

8     testify against you.  Do you understand that?

9          **THE DEFENDANT:**  Yes, Your Honor.

10         **THE COURT:**  Now, as I said earlier, you

11    would have no duty or burden to present a defense but

12    if you wished to present a defense you would have that

13    right.  You would have the subpoena power of the Court

14    to subpoena witnesses and other evidence to be

15    presented in your defense and your defense could

16    include your own testimony if you chose to testify at

17    trial.  If you did choose to testify you would not only

18    be questioned by your lawyer on direct but you would be

19    subject to cross examination by the attorney for the

20    government.  Do you understand that?

21         **THE DEFENDANT:**  Yes, Your Honor.

22         **THE COURT:**  Now, your right to testify in

23    your own defense at trial is a fundamental

24    constitutional right that you have.  That means it's an

25    important right and because it is only you could waive,

1    that is, give up your right to testify in your own

2    defense notwithstanding any recommendation or advice

3    given to you by your attorney or anyone else.  In other

4    words, it would be your decision as to whether you

5    would testify in your own defense at trial.  Do you

6    understand that?

7         **THE DEFENDANT:**  Yes, Your Honor.

8         **THE COURT:**  Now, once the trial was

9    concluded if you were found not guilty, then that would

10   end the case.  On the other hand, if you were found

11   guilty then the Court would have the responsibility of

12   sentencing you and it would have to take into account

13   and under advisement the Advisory Sentencing

14   Guidelines.  Now, do you recall discussing the

15   guidelines with your attorney?

16        **THE DEFENDANT:**  Yes, Your Honor.

17        **THE COURT:**  Now, I remind you of course that

18   there is a guideline sentencing range expressed in

19   months that would apply as to each count.  And that

20   range is determined by a presentence investigation

21   report that is prepared and the guidelines are applied

22   to that report and that's how the range is determined.

23        Now, the report will contain your personal

24   background and the facts of the case.  Once the report

25   is prepared you would have a right to review it and

1    read it and discuss it fully with your lawyer and both

2    you and the government could make objections at

3    sentencing to that report.  For example, if you

4    believed that there were certain errors in the report,

5    you could object to them.  If you believe there were

6    things in the report that should not have been

7    included, you could object, and even if there were

8    things included -- not included in it that should have

9    been included you could object to that.

10          Now, those are just examples of just broad

11   categories and descriptions of objections that could be

12   raise, but the point is this.  Any objection raised to

13   the report by you and/or the government would be heard

14   by the Court and the Court would make a ruling on those

15   objections before then determining what it believed to

16   be the correct and applicable advisory sentencing

17   guideline range.  Do you understand that?

18          **THE DEFENDANT:**  Yes, Your Honor.

19          **THE COURT:**  After that, of course, the Court

20   would hear from you, your lawyer and anyone else as to

21   what the appropriate sentence should be.  Once you were

22   sentenced then you would have an absolute right to

23   appeal both the verdict of guilty by the jury and the

24   sentence handed down by the Court.  Do you understand

25   that?

1          **THE DEFENDANT:** Yes, Your Honor.

2          **THE COURT:** Now, that's how the case would

3    proceed and what your rights would be if you were found

4    guilty and sentenced for the offense at trial. Do you

5    understand that?

6          **THE DEFENDANT:** Yes, Your Honor.

7          **THE COURT:** Do you have any question at all

8    about what your rights would be and how the case would

9    proceed?

10         **THE DEFENDANT:** No, sir.

11         **THE COURT:** Any other question that you have

12   in your mind about the matter that I have not

13   addressed?

14         **THE DEFENDANT:** No, sir.

15         **THE COURT:** All right. Now, on the other

16   hand you could change your plea to guilty to Counts 1

17   and 4 as has been indicated, and if did you so, in

18   effect you would be waiving your right to a trial by

19   jury or otherwise because in effect you would be

20   admitting to your guilt. Do you understand that?

21         **THE DEFENDANT:** Yes, Your Honor.

22         **THE COURT:** Of course, in that event there

23   would be no jury, no jury verdict to appeal the

24   government would not have to call any witnesses or

25   present any evidence, and unlike at trial pleading not

1    guilty you could not remain silent but would have state

2    under oath what if anything you may have done to be the

3    basis of being guilty of Counts 1 and 4.  Do you

4    understand that?

5              **THE DEFENDANT:**  Yes, Your Honor.

6              **THE COURT:**  Now, the same as if you were

7    found guilty at trial if you plead guilty the Court

8    would have the same responsibility to sentence you and

9    would follow the same procedures that I just explained

10   to you in detail a moment ago.  Do you understand that?

11             **THE DEFENDANT:**  Yes, Your Honor.

12             **THE COURT:**  Now, in addition to what I told

13   you earlier, I want to further discuss this with you.

14   Your attorney may have told you what he believes your

15   advisory guideline range would be based on what he now

16   knows and understands about the case, the attorney for

17   the government may have given you what he believes to

18   be the situation, but the fact is no one knows with

19   certainty at this time what your advisory guideline

20   range will be.  It may just as has been suggested or it

21   could be longer or shorter.  And the reason is the

22   presentence investigation report has not yet been

23   prepared and once it's prepared and you review it and

24   the government reviews it either or both sides might

25   have objections to the report and then depending on how

1    the Court might rule on the objections that could

2    change the advisory guideline range.  Do you understand

3    that?

4              **THE DEFENDANT:**  Yes, Your Honor.

5              **THE COURT:**  Now, the point to ultimately

6    understand is this.  If the advisory guideline range

7    turns out to be different than you now expect it to be

8    and you plead guilty, then you would not be able to

9    withdraw your plea of guilty on that basis.  Do you

10   understand that?

11             **THE DEFENDANT:**  Yes, Your Honor.

12             **THE COURT:**  All right.  Now, I told you what

13   the maximum possible penalty is, as well as the

14   mandatory minimum penalty is in this case as to these

15   two counts and if you were sentenced to a period of

16   imprisonment then you would have to serve essentially

17   all of that sentence of imprisonment in its entirety

18   because there is no federal parole.  Federal parole has

19   been abolished.  Do you understand that?

20             **THE DEFENDANT:**  Yes, Your Honor.

21             **THE COURT:**  Now, I also told you of course

22   that any period of supervision -- rather of

23   imprisonment would be followed by a period of

24   supervised release.  There are conditions and rules of

25   supervised release that have to be complied with and if

1    you were found guilty of violating any of those, then

2    the period of supervision could be revoked and you

3    could be required to serve additional time in

4    imprisonment.  Do you understand that?

5              **THE DEFENDANT:**  Yes, Your Honor.

6              **THE COURT:**  Now, also, and I did not mention

7    it earlier, but, of course, as to these two offenses if

8    you plead guilty or were found guilty you would be

9    required to comply with certain registration

10   requirements, in other words, you would be required to

11   register as a sex offender and disclose your address

12   and movements to the state or wherever that you might

13   reside.  Those would be additional requirements that

14   would apply that you would have to comply with and that

15   if you failed to do so could be -- you could be

16   punished for that and that could be a criminal

17   violation not to do so, do you understand?

18             **THE DEFENDANT:**  Yes, Your Honor.

19             **THE COURT:**  Now, I think some of them have

20   been mentioned earlier, but why don't we just review

21   those again.  Does the case include restitution and

22   forfeiture?

23             **MR. KALIM:**  Yes, Your Honor.  There is

24   mandatory restitution under the Title 18, United States

25   Code 2259.  Additionally, upon conviction the defendant

1    is subject to forfeiture pursuant to Title 18, United

2    States Code 2253.

3         **THE COURT:**  All right.  Do you agree,

4    Mr. Saviello?

5         **MR. SAVIELLO:**  Yes, Your Honor.

6         **THE COURT:**  All right.  Now, we talked about

7    this indirectly a little bit earlier, Mr. Wright, and

8    as a part of any sentence that the Court might hand

9    down to anyone who was a victim who had any loss or

10   injury or was harmed in some way would have some right

11   to restitution, then the Court would have to make

12   restitution a part of any sentence that the Court would

13   hand down.  In other words, you would be required to

14   make restitution.  Some of those are set out in a

15   specific amount under the statute, I think that $3,000

16   is one of them, but there may be other injuries or

17   losses that a victim or victims allege that if

18   established the Court would have to order restitution

19   as a part of a sentence.  It's not a choice for the

20   Court.  Do you understand that?

21        **THE DEFENDANT:**  Yes, Your Honor.

22        **THE COURT:**  And forfeiture, which means that

23   you could be caused to lose whatever legal right you

24   might have to certain property or items.  Also the

25   government has the right to seize and seek your

1    forfeiture of any rights in those items and that is

2    another matter that may be a consequence of being found

3    guilty or pleading guilty to Counts 1 and 4.  Do you

4    understand that?

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  And I believe that would

7    specifically include the alleged depictions and any

8    type of equipment that it might be contained in or

9    owned in some fashion.  Does counsel agree?

10             MR. SAVIELLO:  Yes, Your Honor.

11             MR. KALIM:  Yes, Your Honor.

12             THE COURT:  Do you understand, Mr. Wright?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  Okay.  Now, another matter I

15   want to review with you.  You remember I told if you

16   were to continue to plead not guilty and were convicted

17   and sentenced by the Court and wished to appeal you

18   would have an absolute right to appeal.  Do you recall

19   that?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  However, under this agreement

22   you are waiving your rights of appeal with certain

23   specific exceptions.  And I want to review those with

24   you now, not because it is more important than anything

25   else in the agreement that you've told me that you've

1   read and you understood and have entered into

2   voluntarily but because it stands in contrast to the

3   absolute right that I told you about before, that if

4   you were found guilty and wish to appeal you would have

5   an absolute right to appeal the sentence and the

6   verdict of guilty.  Since that is being waived or given

7   up virtually in its entirety in the agreement I want to

8   review that with you on the record.

9          Of course, you remember that I told you

10   initially, near the beginning of this hearing, that if

11   you were to be convicted or pleaded guilty that it

12   would be for the Court to decide what the sentence was

13   notwithstanding any recommendations that there might

14   be.  Do you recall my saying that?

15          **THE DEFENDANT:**  Yes, Your Honor.

16          **THE COURT:**  Now, first of all, I'll tell you

17   this, of course, you would always retain your right to

18   appeal a sentence on the basis of an allegation of

19   ineffective assistance of counsel or alleged

20   prosecutorial misconduct.  Do you understand?

21          **THE DEFENDANT:**  Yes, Your Honor.

22          **THE COURT:**  Also I told you since the Court

23   is the one who determines the sentence and the Court

24   could determine a sentence that exceeds, that is

25   greater than the advisory guidelines suggest that the

1    sentence should be.  But that would be a circumstance

2    in which you could appeal if the Court gave you a

3    sentence that exceeded the guideline range.  Do you

4    understand that?

5              **THE DEFENDANT:**  Yes, Your Honor.

6              **THE COURT:**  Likewise if the Court for

7    whatever reason, I don't know what it could be but I

8    guess it's technically, it's theoretically possible, if

9    the Court gave you a sentence that was greater than the

10   statute allowed you would be able to appeal that

11   sentence.  Do you understand?

12             **THE DEFENDANT:**  Yes, Your Honor.

13             **THE COURT:**  Also, the Court could give you a

14   sentence that's less than, shorter than the advisory

15   guideline range, but that might be a circumstance among

16   others that the government could appeal from.  The

17   government is not giving up any of its appeal rights as

18   a part of this agreement but if the government did

19   exercise its right of appeal then you would be released

20   from your waiver of appeal and you could appeal just as

21   if you had never have given up those rights.  Do you

22   understand that?

23             **THE DEFENDANT:**  Yes, Your Honor.

24             **THE COURT:**  Now, those are the three basic

25   exceptions to your waiver of your right to appeal, and

1    except for those circumstances you have given up

2    forever your right to appeal any sentence that the

3    Court might give for your pleading guilty to Counts 1

4    and 4 so long as the Court sentences you within the

5    guideline range as determined at the time of

6    sentencing.

7         And I further want to explain in that

8    regard, that if the Court in calculating the guideline

9    range for the two counts, Counts 1 and 4, made an error

10   and did not calculate it correctly, but if it did, even

11   as to that incorrect calculation, sentence you within

12   that range as determined by the Court at sentencing you

13   would not be able to appeal that sentence.  Do you

14   understand?

15         **THE DEFENDANT:**  Yes, Your Honor.

16         **THE COURT:**  Now, not only do you waive your

17   rights of appeal to appeal the sentence directly and

18   that's what I have been explaining there on the whole,

19   but you would also give up your right to indirectly

20   appeal any sentence the Court might give, and that is

21   referred to as collateral appeal, and there's a

22   particular statute under the Title 28 Section 2255 that

23   allows for an indirect or collateral appeal and you are

24   waiving your right to bring any appeal under that

25   particular statute or any other collateral provision

1    with the exception as I said earlier an allegation of

2    ineffective assistance of counsel or alleged

3    prosecutorial misconduct.  Do you understand?

4          **THE DEFENDANT:**  Yes, Your Honor.

5          **THE COURT:**  All right.  Now, under the

6    agreement you retain the right to petition for a writ

7    of habeas corpus as permitted by another statute, and

8    that is Title 28, United States Code Section 2241.  You

9    also give up and waive your right to seek a

10   modification of sentence those specifically otherwise

11   allowed under Title 18, United States Code, Section

12   3582(c)(2) with the exception that if there's a future

13   retroactive change in the guidelines that would apply

14   to your sentence in that event you could seek a

15   modification but otherwise you are waiving your right

16   to seek a modification of any sentence the Court may

17   hand down.  Do you understand that?

18         **THE DEFENDANT:**  Yes, Your Honor.

19         **THE COURT:**  All right.  I believe I've

20   covered that.  Do you believe you understand what you

21   are waiving and giving up with regard to your appeal

22   rights, Mr. Wright?

23         **THE DEFENDANT:**  Yes, Your Honor.

24         **THE COURT:**  Do you have any question about

25   what I've explained to you, a question that you might

1    have that I have not specifically talked about with

2    regards to waiving your appeal rights?

3              **THE DEFENDANT:**  No, sir.

4              **THE COURT:**  All right.  Now, a conviction or

5    a plea of guilty to Counts 1 and 4 could also cause you

6    to lose certain valuable civil rights such as your

7    right to vote, your right to serve on a jury, your

8    right to possess firearms or other dangerous weapons or

9    to hold public office.  Those are just some of the

10   valuable civil rights that could be lost based upon a

11   plea of guilty to Counts 1 and 4.  Do you understand

12   that?

13             **THE DEFENDANT:**  Yes, Your Honor.

14             **THE COURT:**  Now, at this time I'm going to

15   ask counsel for the government to state what evidence

16   the government believes it could present at trial and

17   if you would listen closely, Mr. Wright, because when

18   he finishes I'll ask you whether or not that's what

19   happened and what your involvement was and what your

20   conduct was, and further if there is anything you wish

21   to correct or add to it.  Mr. District Attorney.

22             **MR. KALIM:**  Thank you, Your Honor.  Had this

23   matter gone to trial the government expects the

24   evidence would show the following beyond a reasonable

25   doubt.  The Lowndes County Sheriff's Office received a

1    report on August 17th of 2020 which was ultimately

2    substantiated that Defendant Jayson Wright, herein

3    after Defendant, was sexually abusing his daughter,

4    minor victim number one, who was 12 years old at the

5    time of the report.  Defendant is minor victim number

6    one's father.

7         Minor victim number one informed law

8    enforcement that Defendant had been sexually abusing

9    her since she was five years old, would record the

10   abuse, and that he constantly physically abused both

11   her and her minor brother.

12        On August 19th of 2020 minor victim number

13   one was forensically interviewed and disclosed that she

14   had been raped multiple times by Defendant.  She stated

15   the most recent incident was two weeks prior.  Minor

16   victim number one reported that her mother,

17   Co-Defendant Kara Wright would sometimes be in the room

18   when it would happen.  She stated that Defendant would

19   make her mom record the acts.

20        Minor victim number one stated that

21   Defendant repeatedly orally, anally, and vaginally

22   raped her and had videoed all of it.  Minor victim

23   number one stated that her parents had previously given

24   her Plan B, but that it made her very sick.  She

25   reported her parents bought her something you insert

1    into your vagina to keep you from getting pregnant.

2           During the execution of the residence's

3    search warrant law enforcement found vaginal

4    contraceptive film or VCF which is a form of spermicide

5    and multiple videos of child sexual -- child abuse

6    sexual material that showed minor victim number one in

7    extreme pain while her parents inserted the VCF into

8    her vagina against her will.

9           Minor victim number one reported Defendant

10   had previously shown her a video of him raping another

11   child whom she did not recognize but believed the

12   female victim was younger than eight years old.

13          Minor victim number one described what the

14   victim looked like and stated that she was chewing on a

15   Barbie doll head in the video.

16          Upon Defendant and Co-Defendant Kara

17   Wright's learning of the investigation the two

18   immediately fled the state of Georgia.  On the morning

19   of August 19th, 2020 the couple wrote an email to

20   Johnnie Wright, Defendant's father, instructing him to

21   sell their belongings and to tell the children it

22   wasn't their fault, that it was the defendant's fault.

23          Both defendants were apprehended in Corpus

24   Christi, Texas.

25          Co-Defendant Kara Wright was interviewed by

1    law enforcement in Corpus Christi and admitted to being

2    aware and participating in the production of child

3    pornography with their daughter and to fleeing the

4    jurisdiction.  She also implicated Defendant in the

5    production of child pornography.

6              Co-Defendant Kara Wright told law

7    enforcement they were headed to Missouri but then

8    decided they wanted to flee the country and were

9    Googling non-extraditable locations.  She stated they

10   eventually settled on Brasil.  She further stated that

11   she and Defendant drove around while law enforcement

12   searched their house, and Defendant stated they were

13   going to get caught therefore they needed to leave

14   immediately.  They left town on August 17th, 2020

15   following their interviews with the Lowndes County

16   Sheriff's Office.

17             All the photographs and videos referenced in

18   the indictment were taken in Valdosta, Georgia which is

19   in the Middle District of Georgia.

20             A forensic review was done on multiple items

21   seized pursuant to various search warrants.  Hundreds

22   of images and videos of child sexual abuse were found

23   on the devices.  Most of the videos and images depicted

24   the sexual abuse of minor victim number one.

25             A hard drive and the defendant's cell phone

1    were both seized and contained the child sexual abuse

2    material referenced in the counts to which the

3    defendant now pleads guilty.

4         Both the hard drive and the defendant's

5    phone were manufactured outside the state of Georgia

6    and therefore traveled in interstate and foreign

7    commerce.

8         The video from Count 1 of the indictment was

9    taken on March 11th, 2018 and depicts the following.

10        Minor victim number one performing oral sex

11   on Defendant.  Co-defendant Kara Wright is also present

12   in the video.  Defendant states:  Okay, mommy, come

13   here and suck it.  Minor victim number one then states:

14   Shake it.  Co-defendant Kara Wright performs oral sex

15   on Defendant.  When she stops Defendant tells minor

16   victim number one:  Now you suck me.  Minor victim

17   number one then begins to perform oral sex on

18   Defendant.  During this he says, good girl.

19        Co-defendant Kara Wright then performs oral

20   sex on Defendant.  Defendant says, want to move on to

21   the main event.  Minor victim number one is made to

22   perform more oral sex on Defendant.  Then at the 3:58

23   second mark in the video, Defendant states:  Let's get

24   them asses lined up.  The video cuts to minor victim

25   number one laying on top of Co-Defendant Kara Wright,

1   both parties are stomach down while defendant has

2   vaginal intercourse with Co-Defendant Kara Wright.  He

3   then has vaginal intercourse with minor victim number

4   one who is approximately 10 years old and begins having

5   anal sex with minor victim number one while she is

6   still laying on top of Co-Defendant Kara Wright.  The

7   camera view changes to show Co-Defendant Jayson Wright

8   having anal sex with minor victim one with her back

9   facing the camera.  Defendant ejaculates inside minor

10   victim number one's rectum while Co-Defendant Kara

11   Wright is recording the events.

12          Defendant now admits that on or about March

13   11, 2018 in the Valdosta Division of the Middle

14   District of Georgia he, being a parent, legal guardian,

15   and person having custody and control of minor victim

16   number one knowingly permitted minor victim number one

17   to engage in sexually explicit conduct for the purpose

18   of producing any visual depiction of such conduct in

19   and affecting interstate commerce, all in violation of

20   Title 18, United States Code, Sections 2251(b) and (e).

21          Defendant took explicit photographs of minor

22   victim number two on or about June 5th, 2018 when she

23   was having a sleep over with minor victim number one.

24   Minor victim number two was nine years old at the time

25   the photographs were taken.  Defendant took a series of

1      photographs in the early morning hours of June 5th,

2      2018.  The series included 14 images taken by the

3      defendant.  The series begins with photographs of minor

4      victim number one's exposed panties and moves closer as

5      her panties are moved to the side exposing her vagina.

6      In the last two images Defendant's erect penis is over

7      minor victim number two's vagina.

8              Defendant now admits that on or about June

9      5th, 2018 in the Valdosta Division of the Middle

10     District of Georgia he did employ, use, entice, or

11     attempt to employ, use, entice, induce and coerce minor

12     victim number two to engage in sexually explicit

13     conduct for the purpose of producing visual depictions

14     of such conduct in and affecting interstate commerce,

15     all in violation of Title 18, United States Code,

16     Sections 2251(a) and (e).

17             In addition to the conduct described in

18     Counts 1 and 4 Defendant took explicit photographs of

19     minor victim number three on or about July 2nd, 2018.

20     Minor victim number three was five years old at the

21     time the photographs were taken.  Defendant took a

22     series of 7 images of minor victim number three

23     beginning with photographs of her panties to the side

24     exposing her vagina.  Defendant then pulls her shorts

25     and panties down exposing her buttocks while she was

1    asleep.  In the last image Defendant is holding his

2    erect penis in his left hand behind the exposed

3    buttocks of minor victim number three.

4           Additionally Defendant placed hidden cameras

5    in both the bathroom of his residence and minor victim

6    number one's bedroom which captured images of minor

7    victim number one along with minor victim number four.

8    The images depict both minor victim number one and

9    number four on multiple occasions in August 2019

10   changing in the bedroom.  These images included the

11   children's naked vaginal areas, breasts, and buttocks.

12          At least 114 images from the hidden camera

13   showed both victims getting completely undressed and

14   redressed.

15          **THE COURT:**  All right.  Mr. Saviello, do you

16   believe that's evidence the government can present at

17   trial?

18          **MR. SAVIELLO:**  Yes, Your Honor.

19          **THE COURT:**  And, Mr. Wright, did you hear

20   what was said by your attorney and the attorney for the

21   government as to what occurred and what your conduct

22   has been in this matter?

23          **THE DEFENDANT:**  Yes, Your Honor.

24          **THE COURT:**  All right.  Do you agree that's

25   a fair representation of what occurred?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Is there anything you wish to

3     correct or add to it?

4          THE DEFENDANT:  No, Your Honor.

5          THE COURT:  All right.  The Court finds as

6     to both Counts 1 and 4 that there's an adequate factual

7     basis for a plea of guilty to each count if the

8     defendant wishes to do so.  Now, Mr. Wright, do you

9     understand what it means to change your plea to one of

10    guilty to Counts 1 and 4, how the case would proceed,

11    and what your rights would be?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Do you have any question about

14    pleading guilty or anything the Court has explained to

15    you?

16         THE DEFENDANT:  No, Your Honor.

17         THE COURT:  Is there any question about

18    pleading guilty that you may have that I have not

19    addressed?

20         THE DEFENDANT:  No, Your Honor.

21         THE COURT:  Then understanding your right to

22    continue to plead not guilty or to change your plea to

23    one of guilty to Counts 1 and 4 of the indictment what

24    plea do you offer to Counts 1 and 4; guilty or not

25    guilty?

1          **THE DEFENDANT:**  Guilty, Your Honor.

2          **THE COURT:**  Do you offer your plea of guilty

3    to Counts 1 and 4 freely and voluntarily and of your

4    own free will?

5          **THE DEFENDANT:**  Yes, Your Honor.

6          **THE COURT:**  In other words, has anyone

7    forced you or coerced you or threatened you in any way

8    to get you to plead guilty to Counts 1 and 4?

9          **THE DEFENDANT:**  No, Your Honor.

10         **THE COURT:**  And has anyone at any time made

11   any promise or assurance to you to get you to plead

12   guilty to Counts 1 and or 4 that is not in the written

13   plea agreement or that has not been stated to the Court

14   on the record today?

15         **THE DEFENDANT:**  No, Your Honor.

16         **THE COURT:**  And, lastly, as to each Counts 1

17   and 4 do you plead guilty to Counts 1 and 4 because you

18   believe you are actually guilty, in fact, of Counts 1

19   and 4?

20         **THE DEFENDANT:**  Yes, Your Honor.

21         **THE COURT:**  The Court finds that the plea as

22   to each count, Counts 1 and 4, is freely and

23   voluntarily and knowingly offered.  Therefore if you

24   wish to plead guilty to Counts 1 and 4 as stated you

25   may sign the form prepared for that purpose.

1          **MR. KALIM:**  Your Honor, for the record I've

2    tender the plea form to the Court.

3          **THE COURT:**  All right.  Has it been signed

4    by defendant and counsel?

5          **MR. SAVIELLO:**  Yes, Your Honor.

6          **THE COURT:**  All right, then it may be filed.

7    The Court accepts the plea but will not make a formal

8    adjudication of guilt until such time as the

9    presentence investigation report has been prepared and

10   considered.

11         Now, Mr. Wright, you are ordered to

12   cooperate with the probation officer and with your

13   attorney in the preparation of the presentence

14   investigation report that I explained and described to

15   you earlier.  As I said, you will have an opportunity

16   and a right to review that prior to sentencing and to

17   make any objections that you might have to it at

18   sentencing.  Sentencing is set for February 24th, 2022

19   at 3 o'clock p.m.  That's February 24, 2022, at 3:00

20   p.m., unless otherwise ordered by the Court.  Is there

21   any other matter that either side needs to address at

22   this time?

23         **MR. SAVIELLO:**  Not in relation to

24   Mr. Wright.  Thank you, Your Honor.

25         **MR. KALIM:**  No, Your Honor.

1      **THE COURT:** All right. Then we adjourn this

2   matter then until we reassemble for sentencing on

3   February 24th, 2022, or as may otherwise be ordered by

4   the Court. I believe there is one other matter we need

5   to address. I'm going to take a short recess and allow

6   you all to confer. That's the United States versus

7   Sheary matter.

8      **MS. MCEWEN:** Yes, Your Honor.

9      **MR. KALIM:** Thank you, Your Honor, that

10  concludes my business, may I be excused?

11     **THE COURT:** You may be excused. Thank you,

12  sir. We'll be in recess.

13   _____

14           *CERTIFICATE OF OFFICIAL REPORTER*

15            *I, Sally L. Gray, Federal Official Court*
    *Reporter, in and for the United States District Court*
16  *for the Middle District of Georgia, do hereby certify*
    *that pursuant to Section 753, Title 28, United States*
17  *Code that the foregoing is a true and correct*
    *transcript of the stenographically reported proceedings*
18  *held in the above-entitled matter and that the*
    *transcript page format is in conformance with the*
19  *regulations of the Judicial Conference of the United*
    *States, dated this* <u>*17th day of August, 2022*</u>*.*

20            <u>*/s/ SALLY L. GRAY, USCR*</u>

21            *UNITED STATES DISTRICT COURT*
22            *MIDDLE DISTRICT OF GEORGIA*

23

24

25

SEALED EXHIBIT -
Transcript of the June 29, 2022 Sentencing hearing (R111)

**Certificate of Service**

I, Jonathan Dodson, appellate counsel of record for the Appellant, Mr. Jayson Wright, hereby certify that I have, on this 31st day of January, 2023, filed the foregoing *Appellant's Appendix on Appeal* with the Clerk of Court using the Eleventh Circuit's CM/ECF system, which will send electronic notification of filing to counsel of record. I also certify that I caused a copy of the foregoing *Appellant's Appendix on Appeal* to be served in paper format to Mr. Wright by placing a copy of the same in the United States Mail, postage prepaid, addressed to: Mr. Jayson E. Wright, 08072-509, USP Tucson, U.S. Penitentiary, P.O. Box 24550, Tucson, AZ 85734. I further certify that I caused the foregoing submission to be dispatched for filing with the Clerk of Court by Federal Express overnight delivery.

*s/ Jonathan Dodson*
JONATHAN DODSON
Assistant Federal Defender
FL State Bar No. 0050177

Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King, Jr. Boulevard, Suite 400
Macon, Georgia 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
E-mail: jonathan_dodson@fd.org